# BLUM, COMMISSIONER OF NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES v. CALDWELL ET AL.

No. A–946.   Decided May 6, 1980

MR. JUSTICE MARSHALL, Circuit Justice.

Applicant Barbara Blum, the Commissioner of the New York State Department of Social Services, seeks a stay of the mandate of the United States Court of Appeals for the Second Circuit pending filing and disposition of her petition for a writ of certiorari.   The mandate of the Court of Appeals will issue on May 7, 1980, and that court has denied a motion for a stay.   This application for a stay was filed on May 5, 1980. Oral argument was heard in chambers.   For the reasons that follow, I deny the application for a stay.

## I

This case involves medical assistance to the needy pursuant to the Medicaid program.   Subchapter XIX of the Social Security Act, 42 U. S. C. §§ 1396–1396k, establishes the fed-

eral statutory guidelines which govern plans for medical assistance if a State chooses to participate in the Medicaid program. Any State which participates in Medicaid must extend medical benefits to all persons receiving supplemental security income (SSI) benefits under Subchapter XVI (Supplemental Security Income for the Aged, Blind, and Disabled), see 42 U. S. C. § 1396a (a)(10)(A). Such persons are known as the "categorically needy." The State may also provide medical assistance under Medicaid for persons "who would, except for income and resources, be eligible . . . to have paid with respect to them supplemental security income benefits under subchapter XVI of this chapter, and who have insufficient (as determined in accordance with comparable standards) income and resources to meet the costs of necessary medical and remedial care and services," 42 U. S. C. § 1396a (a)(10)(C)(i). Such persons are known as the "medically needy."

New York opted to participate in the Medicaid program and to provide Medicaid payments to the medically needy as well as the categorically needy. The State has imposed an eligibility requirement for those persons seeking to qualify as medically needy. New York Soc. Serv. Law § 366.1 (e) (McKinney Supp. 1979) limits eligibility to those persons who have not made "a voluntary transfer of property (i) for the purpose of qualifying for such [medical] assistance, or (ii) for the purpose of defeating any current or future right to recovery of medical assistance paid, or for the purpose of qualifying for, continuing eligibility for or increasing need for medical assistance." A transfer of property within 18 months prior to application for Medicaid is presumed to have been for the purpose of qualifying for medical assistance. Any such transfer results in the denial of Medicaid benefits. See also 18 N. Y. C. R. R. § 360.8 (1979). No such "no-transfer" rule applies to the categorically needy, since an applicant is allowed

to transfer property in order to qualify for SSI benefits. See 42 U. S. C. § 1382b (b).

Respondents are aged, blind, or disabled persons who would be eligible for SSI benefits but for their income and resources and who have been denied medical assistance benefits for the medically needy because they voluntarily transferred property prior to application for such benefits or while receiving such benefits. They filed suit in the Federal District Court for the Northern District of New York pursuant to 42 U. S. C. § 1983 to challenge N. Y. Soc. Serv. Law § 366.1 (e) (McKinney Supp. 1979) and 18 N. Y. C. R. R. § 360.8 as violative of due process, equal protection, and the Supremacy Clause. The District Court found jurisdiction under 28 U. S. C. § 1343 (3). The suit was certified by the District Court as a class action on behalf of all aged, blind, or disabled persons who have been denied or will in the future be denied medical assistance benefits for the medically needy in New York State on the basis of a transfer of assets in violation of Soc. Serv. Law § 366.1 (e) and 18 N. Y. C. R. R. § 360.8.

The District Court granted respondents' motion for a preliminary injunction. The court concluded first that there had been a sufficient showing by respondents of likelihood of success on the merits. The Social Security Act provides that if the State chooses to provide benefits to the medically needy, the State must make such assistance available to all persons who would, except for income and resources, be eligible for SSI benefits "and who have insufficient (as determined in accordance with *comparable* standards) income and resources to meet the costs of necessary medical and remedial care and services." 42 U. S. C. § 1396a (a)(10)(C)(i) (emphasis supplied). The Department of Health, Education, and Welfare (HEW) in its accompanying regulation has provided that a state agency "must not use requirements for determining eligibility [for Medicaid benefits] for optional coverage groups [such as the medically needy] that are . . .

(2) For aged, blind and disabled individuals, more restrictive than those used under SSI. . . ." 42 CFR § 435.401 (c) (1979). Since under SSI an applicant may transfer assets voluntarily in order to become eligible, the District Court concluded that the more restrictive no-transfer rule of New York for the medically needy was in "apparent" conflict with federal law. The court noted that HEW officials had notified New York that its no-transfer rule violated federal requirements. The court therefore found that the respondents' likelihood of success was "strong." The District Court also concluded that the balance of harms weighed in favor of granting the injunction, because "the very survival of these individuals and those class members in similar situations is threatened by a denial of medical assistance benefits during the pendency of these actions."

The preliminary injunction was entered by the District Court on December 3, 1979. Pursuant to a stipulation by the parties, the Court of Appeals entered a temporary stay of the injunction on January 3, 1980. On April 16, 1980, the Court of Appeals affirmed the grant of the preliminary injunction, "substantially for the reasons stated by Judge Munson." The Court of Appeals noted that the only other Court of Appeals to address this issue reached the same result, see *Fabula* v. *Buck,* 598 F. 2d 869 (CA4 1979) (Maryland no-transfer rule). The New York Supreme Court, Appellate Division, has also found that Soc. Serv. Law § 366.1 (e) conflicts with the Social Security Act and therefore violates the Supremacy Clause, see *Scarpuzza* v. *Blum,* 73 App. Div. 2d 237, 426 N. Y. S. 2d 505 (1980). The Court of Appeals also noted that Congress is considering legislation to authorize States to impose a no-transfer rule for Medicaid benefits, which suggests that such a rule is not presently allowed. The Court of Appeals agreed with the District Court that the "balance of hardships . . . would tip decidedly toward [respondents] if relief were denied." The court also vacated its stay.

On April 30, 1980, the Court of Appeals denied a motion for a stay of the mandate pending filing of a petition for writ of certiorari.

## II

Applicant states in her motion papers that she will argue in her petition for certiorari that Congress has not expressed any intention to pre-empt state no-transfer rules. Applicant will also argue that HEW regulation 42 CFR § 435.401 (c) (1979), interpreting the Social Security Act to prohibit the New York no-transfer rule, is beyond the authority of the agency.

The criteria for determining whether to grant a stay pending the filing and disposition of a petition for writ of certiorari are well established. First, the Circuit Justice must balance the equities to determine on which side the risk of irreparable harm weighs most heavily. *Holtzman* v. *Schlesinger,* 414 U. S. 1304, 1308–1309 (1973) (MARSHALL, J., in chambers); *Beame* v. *Friends of the Earth,* 434 U. S. 1310, 1312 (1977) (MARSHALL, J., in chambers). Second, if the balance of equities favors the applicant, the Circuit Justice must determine whether it is likely that four Members of this Court would vote to grant a writ of certiorari. *Holtzman* v. *Schlesinger, supra,* at 1310; *Beame* v. *Friends of the Earth, supra,* at 1312. The burden of persuasion on both these issues is on the applicant, *ibid.* That burden is particularly heavy here since the Court of Appeals has vacated its original stay and denied the motion for a new stay. Cf. *ibid.* (stay denied by District Court and Court of Appeals).

The applicant has not satisfied her burden in this case. Blum contends that compliance with the preliminary injunction will cost the State of New York "millions" of dollars. At oral argument on this application counsel for applicant estimated that the State will have to expend an additional $150 million per year in Medicaid benefits as a result of the deci-

sion below, but the economic harm to be considered on this stay application is only the additional expenditure during the time in which the petition for certiorari is pending. Such harm must be considerably less than $150 million.* On the other side of the balance are the life and health of the members of this class: persons who are aged, blind, or disabled and unable to provide for necessary medical care because of lack of resources. The District Court noted that some of the members of the class have already died since this suit was filed, and the denial of necessary medical benefits during the months pending filing and disposition of a petition for writ of certiorari could well result in the death or serious medical injury of members of this class. The balance of equities therefore weighs in favor of the respondents.

In addition, Blum has failed to carry her burden of showing that four Members of this Court would be likely to vote to grant a writ of certiorari. There is no conflict in the courts of appeals, but rather uniformity of decision in the two Circuits which have addressed the issue. The intermediate appellate court in New York is also in agreement with the decision below. The terms of the Social Security Act support the judgment of the Court of Appeals, and the agency responsible for administering the Act is in complete accord

---

*New York entered into an agreement with HEW in 1973 whereby the Secretary of HEW determines the eligibility for medical assistance benefits of persons who are also eligible for SSI benefits. This eliminates the need for a separate medical assistance application and eligibility determination by New York State. Blum has notified the Secretary of HEW that New York will terminate the agreement in 120 days, as provided by the agreement, because of HEW's determination that the New York no-transfer rule violates federal eligibility requirements. Applicant cites the added administrative costs to New York of having to establish an eligibility agency of its own as an additional harm to be weighed in the balance on this stay application. The cancellation of the agreement, however, is a voluntary act by Blum, and the added burdens of that voluntary act should not weigh in the balance of equities here.

with the decision below. Finally, Congress is presently considering legislation to amend the Act on this very issue. Under the circumstances, it is not sufficiently likely that four Members of this Court would vote to grant a writ of certiorari to warrant issuing a stay of the mandate.

The application for a stay is denied.