14-3715
*Fishman v. Paolucci*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fifteen.

PRESENT:    DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges*,
            KATHERINE B. FORREST,
                        *District Judge.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NEIL FISHMAN, by his legal guardian, Selma Fishman,
SURUJ SIRIKESHUN, individually and on behalf of all
others similarly situated,

                        *Plaintiffs-Appellants*,

                v.                                      14-3715

JOHN PAOLUCCI, as Deputy Commissioner of the Office of
Temporary and Disability Assistance of the New York State
Department of Family Assistance, RICHARD F. DAINES, as
Commissioner of the New York State Department of Health,

                        *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*        The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:        PETER VOLLMER, Law Office of Peter Vollmer, P.C., Sea Cliff, New York.

FOR DEFENDANTS-APPELLEES:       VALERIE FIGUEREDO, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

FOR AMICUS CURIAE:        Marc Cohan, National Center for Law and Economic Justice, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum and order of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiffs-appellants Neil Fishman and Suruj Sirikeshun, individually and on behalf of others similarly situated, appeal from a September 16, 2014 memorandum and order of the United States District Court for the Eastern District of New York, denying their motion to preliminarily enjoin defendants-appellees, certain officials in the New York State Department of Health ("DOH") and Office of Temporary Family and Disability Assistance ("OTDA"), from terminating without notice their Medicaid benefits for failure to appear at a hearing. Plaintiffs allege that termination without such a post-default notice violates both the Due Process Clause of the Fourteenth Amendment and the Medicaid Act's fair hearing provision, 42 U.S.C. § 1396a(a)(3). We

assume the parties' familiarity with the underlying facts, the procedural history of the

case, and the issues on appeal.

## *BACKGROUND*

Medicaid is a federal-state program that helps indigent persons meet the

cost of necessary medical services. *See* 42 U.S.C. § 1396-1. States, such as New York,

that participate in Medicaid receive federal funds in exchange for complying with "the

requirements of the Medicaid Act and its implementing regulations." *Rabin v. Wilson-*

*Coker*, 362 F.3d 190, 192 (2d Cir. 2004) (citation omitted); *see Armstrong v. Exceptional*

*Child Ctr., Inc.*, 135 S. Ct. 1378, 1382 (2015) ("Like other Spending Clause legislation,

Medicaid offers the States a bargain . . . ."). One such requirement is that states must

grant "an opportunity for a fair hearing before the State agency to any individual whose

claim for medical assistance under the plan is denied or is not acted upon with

reasonable promptness." 42 U.S.C. § 1396a(a)(3).

DOH ensures that New York's fair hearing process complies with federal

law, while OTDA conducts those fair hearings. *See* N.Y. Comp. Codes R. & Regs. tit. 18,

§§ 358-1.1 to -6.6. Under that process, once the state determines that a beneficiary is no

longer eligible for certain aid, it informs the beneficiary of her right to appeal and to a

fair hearing on appeal. *Id.* § 358-3.5. Once she appeals, the state sends an

acknowledgement of the appeal and follows up with a scheduling notice advising the

beneficiary of the date, time, and place of the fair hearing. *Id.* § 358-5.1. A beneficiary's

aid generally continues until the state issues a fair hearing decision ("aid-continuing"). *Id.* § 358-3.6. If, however, the beneficiary defaults by failing to appear, New York immediately dismisses the appeal and terminates aid-continuing. *Id.* §§ 358-3.6(b)(2), 358-5.5(c).

Plaintiffs are a class of persons who requested a fair hearing but failed to appear. On December 1, 2009, plaintiffs brought suit below against certain officials in DOH and OTDA, claiming that New York violated their due process rights and § 1396a(a)(3) by immediately dismissing their appeal and terminating their Medicaid benefits and aid-continuing when they failed to appear at a hearing. Plaintiffs argued that federal law requires more: that, before taking such actions, the state first send a post-default notice permitting ten days for beneficiaries to reschedule the hearing. On December 13, 2013, plaintiffs filed a motion for a preliminary injunction to mandate the state to provide a post-default notice.

The district court denied that relief. In its September 16, 2014 memorandum and order, the district court found that plaintiffs would be irreparably harmed without a post-default notice but concluded that they would be unlikely to succeed on the merits. In considering plaintiffs' likelihood of success on the merits, the district court assumed that the analysis under both the Due Process Clause and § 1396a(a)(3) "is the same, since the statutory fair-hearing requirement 'must meet the due process standards set forth in *Goldberg* [*v. Kelly*, 397 U.S. 254 (1970)].'" App. at 439

n.5 (quoting 42 C.F.R. § 431.205(d)). After conducting a due process analysis, the district court denied plaintiffs' motion for a preliminary injunction.

## *DISCUSSION*

"We review the denial of a preliminary injunction for abuse of discretion." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004). A district court abuses its discretion when it "applies legal standards incorrectly or relies upon clearly erroneous findings of fact." *SEC v. Cavanagh*, 155 F.3d 129, 132 (2d Cir. 1998) (alterations omitted) (quoting *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1038 (2d Cir. 1992)). "A party seeking a preliminary injunction in this Circuit must show: (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002). A mandatory preliminary injunction "that alters the status quo by commanding some positive act" by the state, as is requested here, "should issue only upon a *clear showing* that the moving party is entitled to the relief requested, or where *extreme* or *very serious* damage will result from a denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (emphases added) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

The district court did not abuse its discretion in finding irreparable harm. The district court concluded that "the wrongful denial of Medicaid benefits . . . is the type of non-monetary, imminent harm that is properly characterized as irreparable." App. at 438. Indeed, if the state wrongfully terminates Medicaid benefits because a beneficiary fails to appear, "his situation becomes immediately desperate." *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970); *see also Blum v. Caldwell*, 446 U.S. 1311, 1314 (1980) (Marshall, *J.*) (order denying stay of mandate) ("[T]he very survival of these individuals and those class members . . . is threatened by a denial of medical assistance benefits . . . ."). A lack of medical services is exactly the sort of irreparable harm that preliminary injunctions are designed to address.

But the district court applied the incorrect legal standard in considering plaintiffs' likelihood of success on the merits. The district court concluded that the due process and § 1396a(a)(3) standards are "the same," assuming that it was sufficient for New York to comply with due process standards. App. at 439 n.5. This is not so.

The district court should have considered plaintiffs' § 1396a(a)(3) claim under a different standard than their due process claim. Both parties agree on this point. When a federal statute creates a right enforceable through 42 U.S.C. § 1983, federal regulations "may be relevant in determining the scope of the right conferred by Congress." *Shakhnes v. Berlin*, 689 F.3d 244, 251 (2d Cir. 2012) (quoting *Save Our Valley v.*

*Sound Transit*, 335 F.3d 932, 943 (9th Cir. 2003)).[1]  A district court must inquire, then, whether there is a relevant regulation that "merely further defines or fleshes out the content of that right."  *Id.* at 251, 254-56 (quoting *Harris v. James*, 127 F.3d 993, 1009 (11th Cir. 1997)) (finding that federal regulation mandating the state to issue a fair hearing decision "[o]rdinarily, within 90 days" of the fair hearing request, 42 C.F.R. § 431.244(f), "merely defines the scope" of the § 1396a(a)(3) right); *see also D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 512-13 (2d Cir. 2006) (finding that regulation ordering implementation of special education program "as soon as possible" merely defines the scope of the right to a free appropriate public education (quoting 34 C.F.R. § 300.342(b)(1)(ii))).  Indeed, the federal regulation quoted by the district court goes on to mention other regulations that may be relevant as to the scope of the fair hearing right:  "The hearing system must meet the due process standards set forth in *Goldberg v. Kelly*, 397 U.S. 254 (1970), *and any additional standards specified in this subpart*."  42 C.F.R. § 431.205(d) (emphasis added).

The question here is whether the federal § 1396a(a)(3) right is broader than the due process right with respect to immediate dismissal of appeals and termination of

---

[1]     Appellees also contend that the Supreme Court's decision in *Armstrong v. Exceptional Child Center, Inc.* precludes us from enforcing the Medicaid Act through § 1983.  135 S. Ct. 1378.  *Armstrong*, however, addressed neither the private enforceability of federal rights under § 1983 nor the § 1396a(a)(3) fair hearing right.  We have held that § 1396a(a)(3) is enforceable through § 1983, *see Shakhnes*, 689 F.3d at 251, and that precedent still controls, *see Briggs v. Bremby*, 792 F.3d 239, 245 (2d Cir. 2015) (approving of § 1983 enforceability of § 1396a(a)(3) post-*Armstrong*).

benefits following default. For example, plaintiffs highlight 42 C.F.R. § 431.223, which provides that the state "may deny or dismiss a request for a hearing if . . . [t]he applicant or beneficiary fails to appear at a scheduled hearing without good cause." Plaintiffs read this regulation as requiring the state to ascertain before immediately acting whether the beneficiary lacked good cause for failing to appear and contend that the regulatory history and agency interpretations (through the State Medicaid Manual[2]) of the regulation support this reading. Section 1396a(a)(3), as informed by relevant regulations, may thus require what due process does not.

Because the district court did not separately conduct an analysis of § 1396a(a)(3), we remand to provide it the opportunity to do so in the first instance. On remand, the district court should ask whether plaintiffs are likely to succeed on their claim that New York violates their § 1396a(a)(3) fair hearing right as defined further by any relevant federal regulations, including 42 C.F.R. § 431.223. *See* 42 C.F.R. §§ 431.200-.250. If the district court finds that the plaintiffs are likely to succeed, it should exercise

---

[2] We note also that the district court's reading of the State Medicaid Manual was flawed. Section 2902.3 of the Manual provides that the state "may dismiss a request for a hearing when . . . [t]he claimant abandons his right to a hearing," and "[t]he hearing request may be considered abandoned when neither the claimant nor his representative appears at scheduled hearing, and if within a reasonable time (of not less than 10 days) after the mailing of an inquiry as to whether he wishes any further action on his request for a hearing no reply is received." App. at 38. The district court interpreted this section as "permissive rather than mandatory." *Id.* at 434 n.1. It is exactly the opposite. The Manual makes clear that *only* when a hearing is abandoned by failing to respond to a post-default notice may the state dismiss an appeal. While the state may decide *not* to dismiss an appeal if the post-default notice receives no response, if it chooses to dismiss it must wait at least ten days. *See generally Sai Kwan Wong v. Doar*, 571 F.3d 247, 258-62 (2d Cir. 2009) (giving the Manual deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)).

its discretion to decide whether to issue an injunction. *See Shakhnes*, 689 F.3d at 257-60 (considering statute, regulations, and agency interpretations of those regulations, including the State Medicaid Manual, in fashioning injunction).

*CONCLUSION*

The district court, in ruling on plaintiffs' motion for a preliminary injunction, erroneously held that the due process and § 1396a(a)(3) standards are the same. We remand for the district court to conduct a separate analysis and to determine whether the scope of § 1396a(a)(3), as fleshed out by federal regulations, is broader than what is guaranteed by the Due Process Clause with respect to immediate dismissal of appeals and termination of benefits when a beneficiary defaults. Accordingly, we **VACATE** the district court's memorandum and order, and we **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk