BELTRAN *v.* MYERS, DIRECTOR, CALIFORNIA
STATE DEPARTMENT OF HEALTH, ET AL.

No. 80–5303.   Argued March 24, 1981—Decided May 18, 1981

*Gill Deford* argued the cause for petitioner.   With him on
the briefs was *Neal S. Dudovitz.*

*Richard J. Magasin,* Deputy Attorney General of Califor-
nia, argued the cause for respondents.   With him on the brief
were *George Deukmejian,* Attorney General, *Thomas E. War-
riner,* Assistant Attorney General, and *Anne S. Pressman* and
*Donald A. Robinson,* Deputy Attorneys General.*

PER CURIAM.

We granted a writ of certiorari, 449 U. S. 951 (1980), to re-
view a decision of the United States Court of Appeals for the
Ninth Circuit, holding that California's "transfer-of-assets"

*Robert Abrams,* Attorney General of New York, *Shirley Adelson Seigel,*
Solicitor General, *Clifford A. Royael,* and *Stephen H. Sachs,* Attorney Gen-
eral of Maryland, filed a brief for the Attorney General of New York et al.
as *amici curiae* urging affirmance.

statute applicable to "medically needy" recipients of Medicaid benefits does not conflict with governing federal law. *Dawson* v. *Myers,* 622 F. 2d 1304 (1980). Petitioner is an individual considered "medically needy" under California's Medicaid plan,[1] who represents the class of all such persons who have been denied Medicaid benefits because of previous transfers of assets for less than full consideration.[2] She argues that this exclusion is impermissible because it is based on a rule applicable only to "medically needy" recipients, and could not apply under federal law to "categorically needy" recipients.[3]

After our grant of certiorari on November 3, 1980, Congress passed § 5 of Pub. L. 96–611, 94 Stat. 3567 (Dec. 28, 1980)

---

[1] "Medically needy" persons are included in the categories of Medicaid recipients—aged, blind, disabled, or dependent children—which are derived from Social Security welfare programs. They have income levels, however, that are too high to qualify for regular income assistance under the Supplemental Security Income (SSI) or Aid to Families with Dependent Children programs, and for this reason are distinguished from "categorically needy" recipients. 42 CFR § 435.4 (1980).

[2] The California rule is set out in Cal. Welf. & Inst. Code Ann. § 14015 (West 1980). This statute provides in part:

"[A]ny transfer of the holdings by gift or, knowingly, without adequate and reasonable consideration, shall be presumed to constitute a gift of property with intent to qualify for assistance and such act shall disqualify the owner for further aid for a period determined under standards established by the director, and in no event for less than half of the period that the capital value of the transferred property would have supplied the person's maintenance needs based on his circumstances at the time of his transfer plus the cost of any needed medical care."

[3] See n. 1, *supra.* The categorically needy receive Medicaid benefits merely by virtue of their eligibility for income assistance under the SSI or AFDC programs. Since that eligibility has not, until recently, been conditioned on a person's retention of existing assets, States could not apply a transfer-of-assets disqualification to the categorically needy.

Petitioner's claim here is that she must be accorded the same treatment under the terms of 42 U. S. C. §§ 1396a (a) (10) (C), (17) (B). See also 42 CFR § 435.401 (1980).

(the "Boren-Long Amendment"), which made material changes in the law in this area. This section creates a presumption that assets disposed of for less than full consideration within the preceding 24 months should be included in the resources of an applicant for SSI benefits. The applicant can overcome this presumption with "convincing evidence to establish that the transaction was exclusively for some . . . purpose" other than establishing eligibility. § 5 (a) (amending § 1613 of the Social Security Act, 42 U. S. C. § 1382b). This section goes on to allow state Medicaid plans to apply similar rules to Medicaid recipients—including both the categorically needy and the medically needy. Pub. L. 96–611, § 5 (b), 94 Stat. 3568 (amending § 1902 of the Social Security Act, 42 U. S. C. § 1396a). It states that if the state plan includes a transfer-of-assets rule, it shall specify a procedure for implementing the denial of benefits "which, except as provided in paragraph (2), is not more restrictive than the procedure specified" for SSI. Paragraph (2) provides that where the uncompensated value of the disposed-of resources exceeds $12,000, the States may impose a period of ineligibility exceeding 24 months, as long as this period bears "a reasonable relationship to such uncompensated value."

In sum, it would appear that in the future the States will be permitted to impose transfer-of-assets restrictions generally similar to that of California. This change will take effect on July 1, 1981, Pub. L. 96–611, § 2, 94 Stat. 3567—a matter of weeks from now. This raises the question whether it is appropriate for the Court to decide the merits of the underlying dispute as considered by the Court of Appeals.

We have determined that the change caused by the recent statutory amendment requires reconsideration of the decision below by the Court of Appeals. Because of the statutory change, the federal standards governing state plans with respect to transfer-of-asset rules have been altered significantly. Although it is fair to say that Congress generally

endorsed rules like California's, the detailed provisions recently enacted may require some changes in the California rule. We note in particular that California seems to include the residence of the claimant among the assets that may not be given away without a corresponding loss in Medicaid coverage.[4] Under the Boren-Long Amendment, however, arguably such an asset must be excluded.[5] Petitioner should have the opportunity to argue the validity of the California law under the new federal law—an issue that was not addressed by the parties in this Court.

We vacate the decision below, and remand this case to the

---

[4] Petitioner herself was penalized by California for a gift of her home to relatives.

[5] The amendment to § 1613 of the Social Security Act, 42 U. S. C. § 1382b, in § 5 (a) of Pub. L. 96–611, 94 Stat. 3567, provides for consideration in the SSI program of any disposed of resources "(but subject to the exclusions under subsection (a))." Subsection (a) of § 1613, 42 U. S. C. § 1382b (a), provides for exclusion from consideration of a claimant's home, household effects, and certain other items. If the new law has the effect of allowing uncompensated disposal of these excluded items without corresponding reductions in SSI benefits, it may also have the effect of requiring States to ignore transfer of these same assets in administering Medicaid. See Pub. L. 96–611, § 5 (b), 94 Stat. 3568 (providing that the state plan's "procedure" cannot be more restrictive than the rules applicable to SSI, except that the period of ineligibility may be longer than 24 months if the value of the assets exceeds $12,000). See also 126 Cong. Rec. 33928 (1980) (Sen. Long) ("Generally, State [Medicaid] rules could not be more restrictive than the Federal SSI rule except that the period of disqualification could be longer than 24 months in cases where a very large disposal of assets—more than $12,000—is involved"). But see Senate Committee on Finance, Spending Reductions: Recommendations Required by the Reconciliation Process in Section 3 (a) (15) of H. Con. Res. 307, the First Budget Resolution for Fiscal Year 1981, 96th Cong., 2d Sess., 20 (Comm. Print 1980) (analysis of an identical amendment of the SSI statute included in S. 2885, 96th Cong., 2d Sess., § 511 (1980)) ("the committee amendment would require that *any resources* which an individual has given away or sold for less than fair market value would still be considered as available for his support, during the 2 years following the transfer of the asset") (emphasis added).

Court of Appeals for reconsideration of its decision in light of the recent statutory change.

*It is so ordered.*

JUSTICE STEVENS, with whom JUSTICE BRENNAN, JUSTICE WHITE, and JUSTICE MARSHALL join, concurring in the judgment.

For the reasons stated by the United States Court of Appeals for the Second Circuit in *Caldwell* v. *Blum,* 621 F. 2d 491 (1980), cert. pending, No. 79–2034,[1] the application of California's "transfer-of-assets" rule to the medically needy class members prior to the effective date of the Boren-Long Amendment, Pub. L. 96–611, 94 Stat. 3567, is prohibited by existing federal law. The judgment of the Court of Appeals for the Ninth Circuit in this case must therefore be set aside. On remand, the Court of Appeals should, of course, consider the impact of the statutory change on the class members' future rights, but it also should determine what relief is appropriate to remedy the past violations.[2] Cf. *Quern* v. *Jordan,* 440 U. S. 332.

Accordingly, I concur in the Court's decision to vacate the judgment of the Court of Appeals and to remand this case for further proceedings.

---

[1] See also *Fabula* v. *Buck,* 598 F. 2d 869 (CA4 1979); *Robinson* v. *Pratt,* 497 F. Supp. 116 (Mass. 1980), appeal dism'd, vacated and remanded, 645 F. 2d 89 (CA1 1981); *Scarpuzza* v. *Blum,* 73 App. Div. 2d 237, 426 N. Y. S. 2d 505 (1980). Cf. *Blum* v. *Caldwell,* 446 U. S. 1311 (MARSHALL, J., in chambers).

[2] In addition to declaratory and injunctive relief, the plaintiffs seek "reimbursement for those amounts which they had been forced to pay because of the state's transfer rule." *Dawson* v. *Myers,* 622 F. 2d 1304, 1309 (CA9 1980). The Boren-Long Amendment clearly does not control this claim for reimbursement for sums paid by the plaintiffs in the past.