Antonia BELTRAN, et al.,
Plaintiffs-Appellees,

v.

Beverlee A. MYERS, individually and in her capacity as Director of the California State Department of Health; and Elizabeth Lyman, individually and in her official capacity as Deputy Director of the California State Department of Health, Defendants-Appellants.

No. 82–5207.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1982.

Decided March 8, 1983.

Certiorari Denied June 20, 1983.
See 103 S.Ct. 3115.

Richard J. Magasin, Deputy Atty. Gen., Los Angeles, Cal., for defendants-appellants.

Gill Deford, Los Angeles, Cal., for plaintiffs-appellees.

Before FLETCHER, NELSON, and REINHARDT, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the district court that California's "transfer of assets" rule as it applied to "medically needy" applicants for Medicaid benefits prior to July, 1981, was in conflict with federal Social Security (Medicaid) laws. We affirm.

FACTS AND PROCEDURAL CONTEXT

In 1965, Congress established the Medicaid program under Title XIX of the Social Security Act (42 U.S.C. §§ 1396–1396k (1976)) as a cooperative federal-state program to provide medical assistance to the needy. To be eligible for federal financial assistance, participating states must administer their programs in accordance with federal guidelines. 42 U.S.C. § 1396a (1976). California provides Medicaid benefits (Medi-Cal in California) automatically to the categorically needy, those who receive cash welfare payments under Aid to Families with Dependent Children (AFDC) and Supplemental Security Income (SSI) programs. See 42 U.S.C. § 1396a(a)(10)(A) (1976). California also has elected to provide benefits to the medically needy, those whose income and resources are sufficient to meet their needs apart from medical expenses. The medically needy become eligible for assistance when they incur medical expenses which reduce their income and assets below established levels. 42 U.S.C. § 1396a(a)(10)(C) (1976); 42 C.F.R. § 435.-4, .301 (1980).

In 1965, California adopted Welfare and Institutions Code section 14015, referred to as "the transfer of assets rule." The rule created a rebuttable presumption that any transfer of assets by medically needy applicants for less than adequate consideration within two years prior to their applying for benefits was made with the intent to qualify for assistance. Applicants who failed to rebut this presumption were disqualified for specified periods from receiving medical assistance. No such rule applied to the categorically needy.

Appellees constitute the class of aged, blind, and disabled medically needy individuals who as of June 19, 1978, were denied Medicaid benefits under California's transfer of assets rule. Plaintiffs' complaint alleged that the transfer of assets rule was inconsistent with applicable portions of the Social Security Act and therefore violated the supremacy clause, and further that the rule violated the equal protection and due process clauses of the fourteenth amendment. The district court granted defendant's motion for summary judgment, finding that the rule violated neither the supremacy clause nor the fourteenth amendment. On appeal, this court affirmed, Dawson v. Myers, 622 F.2d 1304 (9th Cir. 1980).

On December 28, 1980, the Boren-Long Amendment (Pub.L. 96–611 § 5, 94 Stat. 3567) was signed into law amending section 1613 of the Social Security Act, 42 U.S.C. § 1382b. The amendment, effective March 1, 1981, permits states to deny SSI assistance to individuals who are eligible only because they have disposed of resources for less than fair market value. Pub.L. No. 96–611, § 5, 94 Stat. 3567–68 (1980), *to be codified at* 42 U.S.C. §§ 1382b(c), 1396a(j). The states may apply similar rules to Medicaid recipients in both the categorically needy and medically needy programs. Pub.L. 96–611 § 5(b), 94 Stat. 3568 (1980) (amending section 1902 of the Social Security Act, 42 U.S.C. § 1396a).

The Supreme Court granted certiorari on the sole issue of the supremacy clause violations. In its *per curiam* decision, the Supreme Court vacated our earlier decision and remanded the case for our reconsideration in light of the recent statutory change. *Beltran v. Myers*[1] 451 U.S. 625, 101 S.Ct. 1961, 68 L.Ed.2d 495 (1981). Four members of the Court, in a concurrence authored by Justice Stevens, agreed that the then existing federal law prohibited the transfer of assets rule and that this court on remand should determine appropriate relief for past violations. *Id.* at 629, 101 S.Ct. at 1963. This court remanded the case to the district court with instructions that it determine the impact of the Boren-Long Amendment on the parties' rights and to make the necessary modifications in its original judgment.

The district court entered an order vacating its earlier judgment and issuing findings of fact and conclusions of law. The court concluded that California's transfer of assets rule violated the Medicaid comparability requirement of 42 U.S.C. § 1396a(a)(10)(C)(i), (17)(1976), and 42 C.F.R. § 435.401(c)(1980); and was thus invalid under existing law. The court ordered defendants to identify and notify individual class members of their right to seek reimbursement through state channels.

ISSUES ON APPEAL

Appellants raise three major issues on appeal:

1. Did the district court have jurisdiction on remand to vacate its earlier judgment and decide issues not previously decided?

2. Did the California transfer of assets rule, in effect up to and including June 30, 1981, conflict with federal Medicaid statutes?

3. Did the court abuse its discretion in requiring individual notice to class members?

I

*Jurisdiction of the District Court*

■ Lower courts are free to decide issues on remand so long as they were not decided on a prior appeal. *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358, 370 n. 18 (1979); *Liberty Mutual Insurance Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 793 (1981). Any issue not expressly or impliedly disposed of on appeal is left open for the trial court's reconsideration on remand. *Liberty Mutual,* 691 F.2d at 441; 18 C. Wright, A. Miller & E. Cooper, *supra,* § 4478, at 789.

■ In this case, the Supreme Court's *per curiam* decision did not reach the merits of the validity of California's pre-amendment transfer of assets rule. Justice Stevens, in his concurrence, in which three others joined, thought that the rule was prohibited, but the majority declined to reach this issue. *See Dokos v. Miller,* 517 F.Supp. 1039 (N.D.Ill.1981), where the court invalidated Illinois' pre-July 1981 transfer rule, noting that "*Beltran* simply sheds no light on the substantive issues raised in this ac-

1. Dawson originally brought suit in the district court on behalf of herself and others similarly situated; Beltran was permitted to intervene. After an appeal was taken by Dawson to the United States Court of Appeals for the Ninth Circuit, she died; the Supreme Court heard the case under the name of *Beltran v. Myers*.

tion." *Dokos,* 517 F.Supp. at 1042 n. 3. Therefore, the issue was not foreclosed from reconsideration on remand.

## II

### *The California pre-Amendment Transfer of Assets Rule*

■ On finding that the lower court had authority under our order to reach new conclusions of law, we now examine the correctness of those conclusions under a *de novo* standard of review. *See United States v. Rosales,* 584 F.2d 870, 872 (9th Cir.1978).

California's transfer of assets rule is properly characterized as a substantive eligibility requirement. It directly applies to the state's determination of whether an applicant's assets exceed the eligibility requirements. The transfer of assets rule applied only to medically needy applicants; a categorically needy applicant could become eligible for Medicaid benefits by disposing of excess assets. 42 U.S.C. § 1382b(b) (1976); 42 C.F.R. § 435.120(b) (1980); *Social Security Administration's Claims Manual,* § 12507(a). The district court concluded that the Social Security Act and agency regulations prohibited the state from imposing more restrictive eligibility requirements on the medically needy than on the categorically needy. 42 U.S.C. § 1396a(a)(10)(C)(i),[2] (17) (1976);[3] 42 C.F.R. § 435.401(c) (1980).[4]

The Courts of Appeals for the Second and Fourth Circuits have taken the position that disqualification from Medicaid by reason of a prior transfer of assets violates the comparability provision of 42 U.S.C.

**2.** Section 1396a(a)(10)(C)(i) during the relevant period required states that had chosen to include the medically needy in their Medicaid plans to:

Mak[e] medical assistance available to all individuals who would, except for income and resources, be eligible for ... supplemental security income [SSI] benefits ... and who have sufficient ... income and resources to meet the costs of necessary medical and remedial care and services.

**3.** Under Section 1396a(a)(17), a state plan must:

§ 1396a(a)(10)(C) (1976) and the attendant regulation, 42 C.F.R. § 435.401(c) (1979). *Caldwell v. Blum,* 621 F.2d 491 (2d Cir. 1980), *cert. denied,* 452 U.S. 909, 101 S.Ct. 3039, 69 L.Ed.2d 412 (1981); *Fabula v. Buck,* 598 F.2d 869 (4th Cir.1979); *accord, Robinson v. Pratt,* 497 F.Supp. 116 (D.Mass. 1980); *Buckner v. Maher,* 424 F.Supp. 366 (D.Conn.1976) (three-judge panel), *aff'd* 434 U.S. 898, 98 S.Ct. 290, 54 L.Ed.2d 184 (1977).

We adopt the reasoning of *Caldwell v. Blum* and hold that California's transfer of assets rule conflicts with the comparability requirement of section 1396a(a)(10)(C) (1976).

## III

### *Individual Notice to Class Members*

■ Appellants urge that the district court abused its discretion when it ordered appellants to identify and notify individual class members of their right to seek reimbursement through existing state administrative procedures. The standard by which this court examines relief ordered by the district court under its equity jurisdiction, as in this case, is whether that court abused its discretion. *See United States v. Coca-Cola Bottling Co. of Los Angeles,* 575 F.2d 222 (9th Cir.), *cert. denied,* 439 U.S. 959, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978). It was within the court's discretion, after considering the issues of cost and administrative burden raised by the state, to conclude that individual notice was the method best calculated to reach this class of aged, blind, and disabled persons. The notice required falls within the guidelines of *Quern v. Jordan,* 440 U.S. 332, 348–49, 99 S.Ct. 1139, 1149, 59 L.Ed.2d 358, 371–72 (1979).

include reasonable standards (which shall be comparable for all groups ...) for determining eligibility for and the extent of medical assistance under the plan ....

**4.** 42 C.F.R. § 435.401 (1980) provided in pertinent part:

(c) [A Medicaid agency] must not use requirements for determining eligibility for optional coverage groups that are—

(a) for aged, blind, and disabled individuals more restrictive than those used under SSI.

## CONCLUSION

For the reasons stated above, the order of the district court is

AFFIRMED.