[Civ. No. 66539. Second Dist., Div. Five. Sept. 26, 1983.]

COLUMBUS G. BINGHAM et al., Plaintiffs and Appellants, v.
MARIO OBLEDO, as Secretary, etc., et al., Defendants and Appellants.

DEAN ALLEN RICE et al., Plaintiffs and Appellants, v.
JERRI MORALES, as Administrator, etc., et al.,
Defendants and Appellants.

402

---

[redacted]

---

COUNSEL

Bruce Iwasaki, James Carroll and Gill Deford for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Thomas Warriner, Assistant Attorney General, Anne S. Pressman, Barbara M. Motz and Karen L. Fried, Deputy Attorneys General, for Defendants and Appellants.

## OPINION

**WOODMANSEE, J.\***—In two consolidated class actions, plaintiffs individually, and the class they represent, are certain Medi-Cal recipients (the class). Defendants (the State) are officials in charge of California health and welfare services. The California Medical Assistance Program (Welf. & Inst. Code, § 14000 et seq.), commonly called "Medi-Cal," is the program enacted by California to qualify for federal funds under title XIX of the Social Security Act. Title XIX created "Medicaid," a cooperative program by which state and federal governments extend health care assistance, including related services, to certain categories of persons. To obtain federal funds, participating states must formulate "state plans" for the administration of their Medicaid program.

The underlying issue is whether the State is required to have a written plan that (1) specifies that its Medicaid agency will assure necessary transportation for Medi-Cal recipients to and from health providers, and (2) describes the methods that will be used to meet this requirement.

The trial court granted a motion for summary judgment (Code Civ. Proc., § 437c) against defendants on this issue; enjoined defendants from operating Medi-Cal programs in a manner that in any way fails to assure such transportation; and ordered defendants to submit to the superior court, for its approval, a Medi-Cal transportation plan which complies with federal regulations. The court further ordered defendants to give written notice of the judgment to the plaintiff class together with a clear and simple explanation of the procedure for obtaining transportation—notice to be accomplished by means of posters of prescribed size and format, to be displayed in locations specified by the court order.

All parties appealed.

■ The main contention of the State, as appellants, is that summary judgment is improper because a dispute of material fact exists as to whether or not they were "assuring necessary transportation."

The plaintiff class, as appellants, appeal from two portions of the judgment: (1) The method by which notice of the judgment shall be given to unnamed class members, and (2) the denial of attorneys' fees under 42 United States Code section 1988 and Code of Civil Procedure section 1021.5.

---

*Assigned by the Chairperson of the Judicial Council.

We remand, for further consideration of the issue of attorneys' fees, and otherwise affirm the judgment.

## THE STATE'S APPEAL

The federal Medicaid statute (42 U.S.C. § 1396 et seq.) requires that state plans must "provide such methods of administration . . . as are found by the Secretary [of the federal Department of Health and Human Services (formerly HEW)] to be necessary for the proper and efficient operation of the plan." (42 U.S.C. § 1396a(a)(4)(A).) The secretary has found one such necessary requirement to be that the state plan "specify that the Medicaid agency will assure necessary transportation for recipients to and from providers" and "[d]escribe the methods that will be used to meet this requirement." (42 C.F.R. § 431.53.)

Plaintiffs maintain that the state plan violates this assurance of transportation requirement and the supremacy clause of the United States Constitution because the Medi-Cal plan does not assure such necessary transportation to *all* qualifying recipients. This is because Medi-Cal's only transportation plan is one found in title 22, California Administrative Code, sections 51151 and 51323, which is a plan solely applicable to that limited group of recipients who are too severely disabled to ride in automobiles or buses.[1]

The State concedes this is the only reference to transportation in its plan, but takes the position that even though the written plan is incomplete, the State should be allowed to offer evidence that in actual practice it does "assure necessary transportation." This position is unsound because the gravamen is the absence of a plan, not what occurs without it.

The trial court ordered the formulation and publication of a complete administrative plan taking into consideration all qualifying recipients. There

---

[1]Title 22, California Administrative Code section 51151 provides in relevant part: "Medical Transportation Services. [¶] 'Medical transportation services' means the transportation of the sick, injured, invalid, convalescent, infirm or otherwise incapacitated persons by ambulances, litter vans or wheelchair vans licensed, operated, and equipped in accordance with applicable state or local statutes, ordinances or regulations. Medical transportation services do not include transportation of beneficiaries by passenger car, taxicabs or other forms of public or private conveyances."

Title 22, California Administrative Code section 51323 provides in relevant part: "Medical Transportation Services. [¶] (a) Ambulance, litter van and wheelchair van medical transportation services are covered when the beneficiary's medical and physical condition is such that transport by ordinary means of public or private conveyance is medically contraindicated, and transportation is required for the purpose of obtaining needed medical care. . . . [¶] (b) Authorization shall be granted only for the lowest cost type of medical transportation that is adequate for the patient's medical needs, and is available at the time transportation is required. . . ."

was no error in granting summary judgment on this record of admitted violation of a Medicaid regulation of substantial importance.

### The State as Transporter

The State correctly notes that it is not required by the judgment automatically to itself furnish transportation or pay for transportation. Indeed federal regulations advise and counsel in detail that options and priorities be established, and alternate means of transport, including voluntary assistance by others, be considered in adopting a state administrative transportation plan.

*Smith* v. *Vowell* (W.D.Tex. 1974) 379 F.Supp. 139, holds that the Texas state plan under title XIX had to contain a guarantee of necessary medical transportation for eligible welfare recipients and a general description of the various methods to be used.

### Plaintiff's Appeal as to Notice

The trial court ordered the State to give the plaintiff class written notice of the judgment together with a clear and simple explanation of the procedure for obtaining transportation.[2]

The class, as appellants, argue that the trial court abused its discretion in failing to require, as well, that individual notices be mailed to Medi-Cal recipients; particularly because class members have difficulty traveling, and because, by agreement, the parties waived notice to absent class members of the pendency of the action.

The State contends the notice requirement is appropriate under the facts and the law because: The ordered change is, in actuality, only a pro forma one; summary judgment was granted only on one limited ground; the judgment does not award relief or benefit to any individual plaintiff; the class is large and the potential claims small; and the trial court should be innovative and realistic (*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 821 [94 Cal.Rptr. 796, 484 P.2d 964]; *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

---

[2]"Such notice shall be printed in English and Spanish on 8½" × 11" size paper, be distributed to each and every Medi-Cal field office, County Welfare Office and Social Security Office in California. Defendants are further ordered to place in a prominent location in every Medi-Cal field office, County Welfare Department Office and Social Security Office in California, a notice of this judgment with a clear and simple explanation of the method for obtaining transportation in that area. Such notices shall be printed in bold face type of at least 24 point size in English and Spanish and distributed within sixty (60) days of entry of judgment. Cost of the notices shall be borne by defendants."

 Individual notice may be required in certain class actions. (See *Beltran* v. *Myers* (1980) 451 U.S. 625 [68 L.Ed.2d 495, 101 S.Ct. 1961].) There was no abuse of discretion in the trial court's implied finding that this case does not fall in that category. The trial court has a duty adequately to protect the members of the class. But the court was not here concerned with such questions as the pending litigation of substantial claims; the settlement of a class action; issues of res judicata; the award of money judgments or rights of reimbursement; or specific orders to transport individual plaintiffs.

We agree with the plaintiff class that the judgment is more than a mere procedural, pro forma order, and that the content of the notice would be of benefit to the class. However, the class has not shown that the trial court failed to exercise sound discretion in determining the manner of communicating that information.

### PLAINTIFFS' APPEAL AS TO ATTORNEY FEES

The consolidated actions were filed under 42 United States Code section 1983. The Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988) provides that, "In any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

A similar state provision for the award of private attorney general fees is Code of Civil Procedure section 1021.5, allowing a court to award fees, ". . . to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

The trial court has discretion under both federal and state law. The issue presented is whether the trial court acted within permissible bounds in the exercise of that discretion in denying attorneys' fees.

The State argues that plaintiffs won only on a minor, subsidiary issue, i.e., whether the state plan contained the required provision for transportation as a method of administration of Medi-Cal, and lost on all other issues.[3]

---

[3]These included denial of plaintiffs' requests for findings that the state does not provide transportation; and denial of plaintiff Bingham's claim for reimbursement, and a plan of transportation for him.

Plaintiffs maintain that they did succeed on a significant issue which achieved some of the benefits sought, thus meeting the standard announced in *Sethy* v. *Alameda Cty. Water Dist.* (9th Cir. 1979) 602 F.2d 894, 897, and that prevailing plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." (Sen.Rep. No. 94-1011, 94th Cong., 2d Sess. 4 (1976), citing *Newman* v. *Piggie Park Enterprises* (1968) 390 U.S. 400, 402 [19 L.Ed.2d 1263, 1265, 88 S.Ct. 964].)

■ Code of Civil Procedure section 1021.5 authorizes trial courts, in the sound exercise of discretion, to award attorneys' fees, when from a practical perspective, the litigation has vindicated an important right. (*Woodland Hills Residents Assn.* v. *City Council* (1979) 23 Cal.3d 917, 938 [154 Cal.Rptr. 503, 593 P.2d 200].)

The State denigrates the importance of the judgment in referring to it in argument as requiring a mere bookkeeping correction. Plaintiffs inflate it when they characterize it as an award of transportation to needy Medi-Cal recipients.

It does appear that the partial summary judgment relates to an important right affecting a substantial number of persons, so situated that they could not likely afford litigation expenses. There is a need in such circumstances to support counsel who undertake to act as private attorneys general since the Attorney General must defend the state.

■ We are aware of the view that it is generally undesirable to award fees for time expended unsuccessfully on major portions of a lawsuit. (*Hensley* v. *Eckerhart* (1983) 461 U.S. 424 [76 L.Ed.2d 40, 103 S.Ct. 1933].) Nevertheless, this should not ordinarily preclude an award for success in another important part of the case, whether the judgment be considered procedural or substantive.

Unless qualifying recipients can actually get to and from health providers, the Medi-Cal program is inhibited. To assure proper transportation, federal law requires a written plan as part of the state's administrative procedure. The State has not provided it. Its absence deprives recipients of a uniform, coherent guideline. The trial court has recognized this need and has ordered the State to submit its plan to the court for approval.

We are unable to tell whether the plaintiff class requested fees in such a manner as would have made practicable a limited fee award based on the partial success attained.

The trial court, as part of its judgment in favor of the plaintiff class, has reserved jurisdiction to consider and approve the state transportation plan.

We remand the issue of the award of attorneys' fees to the trial court to be further considered by it in conjunction with its determination of the reserved issue. In all other respects, the judgment is affirmed.

Feinerman, P. J., and Ashby, J., concurred.