958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacinto ZAMORA and Antone Zamora, by and through his
guardian ad litem, Cynthia Cooper, Plaintiffs-Appellants,
v.
George T. HART, et. al., Defendants-Appellees.
 No. 91-15109.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1992.
Decided March 23, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The plaintiff's decedent, Jacinto Clark Zamora, was shot to death in his home by the police. In seeking redress, the plaintiffs filed two lawsuits. One, under 42 U.S.C. § 1983, was filed in federal court and alleged: (1) the police officers entered Zamora's house without a warrant or legal justification; (2) the officers attempted to arrest Zamora without probable cause or legal justification; (3) the officers used unlawful and excessive force without provocation or legal cause. The other was filed in state court and sought redress for battery based on the same incident.[1]
 
 
 3
 In 1985, the district court granted summary judgment on the federal claims, finding that there were no triable issues of fact. The plaintiffs appealed and we reversed, stating that the plaintiffs were entitled to take their case to the jury. However, the federal jury trial was delayed inordinately, and, in the interim, a jury verdict in the defendants' favor was returned in the state court action. During the jury deliberations, the jury asked the court, "Was it legal for the police to follow Zamora into his house to detain him whether or not his door was closed/locked?" In response, the trial court answered, "Yes, furthermore you are not to consider or determine whether the police officers did not have legal justification to make the arrest or to enter the home." The plaintiffs appealed the adverse judgment, asserting among other claims that the court's response to the jury's question was erroneous. The appellate court affirmed, finding that the trial court was correct that the lawfulness vel non of the police's entry into the Zamora home and of the attempted arrest was irrelevant to the battery claim and that, in the alternative, the district court was correct to find, as a matter of law, that exigent circumstances justified the entry and attempt to arrest Zamora.
 
 
 4
 The defendants then moved for summary judgment in federal court, arguing that the collateral estoppel effect of the state court judgment precluded the plaintiffs' section 1983 claims. The district court granted the defendants' motion and dismissed the action. The plaintiffs appeal, and we affirm.
 
 
 5
 It is beyond dispute that if the state court action establishes that the police were justified in entering the Zamora home and attempting to arrest him, the plaintiffs' section 1983 claims must be dismissed.[2] Thus, the issue before us is to determine whether collateral estoppel effect should be given the finding that the entry and attempted arrest were lawful.
 
 
 6
 The plaintiffs first assert that our earlier reversal of the district court's grant of summary judgment on their federal claims precluded the district court from granting summary judgment on the defendants' motion following the state court determinations. They are incorrect. It is true that law of the case principles would normally prevent the defendants from reasserting a motion for summary judgment after their first motion is denied on the merits. See Beltran v. Myers, 701 F.2d 91, 93 (9th Cir.), cert. denied sub nom. Rank v. Beltran, 462 U.S. 1134 (1983). However, those principles will not bar a reassertion of summary judgment based on new issues not present at the time of the first motion. See id. at 459. Because the final disposition of the state court action raises substantially new issues not present in the first summary judgment motion, denial of the earlier motion does not foreclose the subsequent motion for summary judgment.
 
 
 7
 The preclusive effect of a state court decision is determined by the law of that state. 28 U.S.C. § 1738; see Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379-82 (1985). Under California law, a prior decision will bar relitigation of an issue if: (1) the identical issue was necessarily decided at the prior proceeding; (2) the prior proceeding was a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party to the prior proceeding. People v. Sims, 651 P.2d 321, 331 (Cal.1982). The only dispute is over the first requirement--was the legality of the entry necessarily decided in the state court proceeding?
 
 
 8
 The plaintiffs argue that because the state court decisions state that the legality of the entry and attempted arrest were not relevant to the plaintiffs' battery claim, the issues were not necessarily decided. This argument is incorrect. Whether a question was necessarily decided does not depend on whether the state court had no choice but to decide the question but rather whether it is clear from the decision that the state court actually did decide the question. It is clear that the state courts did conclude that the police were justified in entering Zamora's home and attempting to arrest him. For example, the state appellate court states in its opinion that "[a]ssuming that the question asked by the jury was relevant to the battery claim, however, we are unpersuaded that the court committed an error of law when it found exigency here."
 
 
 9
 The plaintiffs rely on the statement in Bleeck v. State Board of Optometry, 95 Cal.Rptr. 860 (Cal.App.1971) that issue preclusive effect will not be given to a prior determination that "was wholly unnecessary to the judgment." Id. at 870. In Bleeck, the question was whether dictum in a prior decision should be given preclusive effect, and the court determined that it should not. The finding in the state court in the plaintiffs' case, however, is not truly dicta. Instead, it is an alternative holding--the state appellate court rested its decision to affirm the trial court both on the basis that it did not err in determining that the entry and attempted arrest were lawful and on the basis that, even had the trial court erred, that error would be harmless because the lawfulness of the entry and arrest is irrelevant to the claim for battery. Unlike pure dicta, an alternative holding is not wholly irrelevant to a court's disposition; rather, it provides one of two independent bases for supporting that disposition. Under California law, alternative holdings are given preclusive effect. See Wall v. Donovan, 169 Cal.Rptr. 644, 646 (1980), appeal dismissed, 451 U.S. 978 (1981). Accordingly, the state court finding that the entry and attempted arrest were lawful precludes relitigation in the instant case. The decision of the district court granting the defendants' motion for summary judgment and dismissing the plaintiffs' claims was correct.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided for by 9th Cir.R. 21
 
 
 [1]
 The plaintiffs had also alleged negligent arrest, but the defendants had successfully demurred to that claim
 
 
 [2]
 The plaintiffs do not appear to contest the district court's dismissal of their excessive force claim. In any event, it is clear that in the state court action the jury determined that the police did not use more force than necessary under the circumstances. As the standard for the plaintiffs' section 1983 claim is the same, see Reed v. Hoy, 909 F.2d 324, 329 (9th Cir.1989), the doctrine of collateral estoppel requires dismissal of this claim