Orville **TAYLOR**, Appellant,

v.

**UNITED STATES of America.**

No. 86–1454.

United States Court of Appeals, Third Circuit.

Argued Jan. 20, 1987.

Decided March 19, 1987.

Rehearing and Rehearing In Banc Denied April 20, 1987.

Becker, J., concurred and filed opinion.

Edward S.G. Dennis, Jr., U.S. Atty., Barbara Koppa Gerolamo, Asst. U.S. Atty., Mark M. Horgan (argued), Lieutenant Commander, U.S. Navy, Office of the Judge Advocate Gen., Gen. Litigation Div., Alexandria, Va., for appellee.

Thomas B. Kenworthy (argued), Morgan, Lewis & Bockius, Philadelphia, Pa., for appellant.

Before SEITZ, BECKER and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Plaintiff Orville Taylor appeals the final order of the district court denying his application for attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982) (EAJA).[1] This court has jurisdiction under 28 U.S.C. § 1291 (1982).

### I.

Taylor enlisted in the United States Navy for a four year term in 1973. In 1977,

---

1. This section expired by its terms on October 1, 1984. *See* Pub.L. 96–481, § 204(c), 94 Stat. 2321, 2329. Congress reenacted the Act in 1985.

*See* Act of Aug. 5, 1985, Pub.L. 99–80, § 6, 99 Stat. 183, 186.

while he was stationed in Spain, Taylor extended his enlistment for two years. On October 10, 1977, Taylor was involved in an automobile accident in which a Spanish national was killed. The following day the Navy placed Taylor on a legal hold status, which provided that he could not be transferred from or leave Spain without the approval of the Navy Commander in Spain.

On August 7, 1978, Taylor was indicted by a Spanish court. In July 1979 he was convicted of vehicular manslaughter and was fined and sentenced to eighteen months in a Spanish jail. Taylor appealed this decision. Taylor's term of enlistment expired on December 30, 1979, while his appeal was pending. Taylor refused to extend his enlistment voluntarily. The Navy then extended his enlistment involuntarily, and Taylor continued to serve and receive his pay from the Navy until the beginning of November 1980. *See Taylor v. United States,* 711 F.2d 1199, 1201–02 (3d Cir. 1983).

On November 7, 1980, after Taylor's conviction was affirmed by a Spanish appellate court, the Spanish authorities requested the Naval authorities to deliver Taylor for service of his sentence. Taylor, however, had fled Spain after learning of the adverse decision. The Navy listed him as a deserter.

On May 24, 1982, Taylor was stopped for a traffic violation in Virginia. The police checked his record, discovered he was listed as a deserter, and turned him over to the Navy. The Navy then transferred Taylor to the Naval Station in Philadelphia to await transfer to Spain and surrender to the Spanish authorities.[2]

Taylor filed suit in district court seeking his release from military custody and an order restraining the government from surrendering him to Spanish authorities. The district court granted Taylor's request for an injunction on the ground that the Navy exceeded its authority in extending Taylor's enlistment involuntarily. This court affirmed. 771 F.2d 1199 (3d Cir.1983).

Taylor then filed an application for fees and expenses under the EAJA. The district court denied Taylor's request, finding his application untimely. This court reversed and remanded the case to the district court. 749 F.2d 171 (3d Cir.1984). On remand, the district court denied the EAJA petition and Taylor filed this appeal.

## II.

Under the EAJA, a prevailing party in a civil action against the United States should be awarded fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Taylor challenges the district court's decision to deny his EAJA request on two grounds. First, he argues that the district court erred in finding the Navy's actions substantially justified. Second, he contends that the district court was without authority to address whether there were "special circumstances" and that no such circumstances exist in this case. Because of our resolution of Taylor's second claim, we find it unnecessary to address whether the Navy's position in this case was substantially justified.

## A.

Taylor argues that the district court erred in considering whether special circumstances justified a denial of fees because it exceeded the scope of this court's mandate and because the government waived this defense.

In our second opinion in this case, this court remanded the case "for further proceedings consistent with this opinion and Congress' express intention." 749 F.2d at 175. The court further stated that "[t]he question whether the government's position was 'substantially justified' is most appropriately addressed in the first instance by the district court." *Id.* Taylor claims that this language limited the dis-

---

**2.** Although the Spanish authorities listed Taylor as a fugitive in 1980, extradition proceedings were never initiated. Both parties agreed at oral argument that extradition is not a realistic possibility at this late date.

trict court to considering only whether the government's position was substantially justified.

It is well-established that a district court must adhere to the mandate and the law of the case as it is established on appeal. *See, e.g., Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir.1985). At the same time, a district court is free to decide any issue that was not explicitly or implicitly decided on a prior appeal. *See Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979); *Sprague v. Ticonic Bank,* 307 U.S. 161, 168, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939); *Bankers Trust Co., supra,* 761 F.2d at 950; *Beltran v. Myers,* 701 F.2d 91, 93 (9th Cir.), *cert. denied sub nom. Rank v. Beltran,* 462 U.S. 1134, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983). Whether a particular proceeding in the district court is consistent with the appellate court's disposition of the case "must be determined from the nature of the case and the pertinent statutory provisions." *Bankers Trust Co., supra,* 761 F.2d at 950.

In this court's prior opinion on Taylor's EAJA application, we did not reach the merits of the petition. Rather, this court addressed only the issue of whether the EAJA request was timely. 749 F.2d at 172–73. That this court specifically referred to the "substantial justification" defense does not lead to the conclusion that we explicitly or implicitly rejected reliance on the special circumstances exception under the EAJA. The district court's consideration of the special circumstances exception therefore was not precluded by our prior opinion. *See Beltran, supra,* 701 F.2d at 93–94.

Taylor's argument that the government had waived the special circumstances defense is similarly without merit. Although the government's initial brief in opposition to the EAJA request focused on whether the request was timely and whether the government's position was substantially justified, the brief did argue in a footnote that the circumstances of the case rendered an award unjust. Moreover, the district court on remand clearly addressed this issue in denying Taylor's application. Under such circumstances, we cannot conclude that the government is precluded from asserting this defense. *See Robinson v. Heckler,* 783 F.2d 1144, 1148 (4th Cir.), cert. denied sub nom. *Robinson Young v. Bowen,* —— U.S. ——, 106 S.Ct. 2896, 90 L.Ed.2d 982 (1986) (court will consider whether special circumstances make an award unjust when issue was mentioned by the district court even though neither party asserted it in that court). The district court, therefore, did not err in considering whether there were special circumstances in this case justifying a denial of fees under the EAJA.

## B.

Having concluded that the district court did not err in considering the special circumstances exception, we now turn to the merits of the case. As an initial matter, we must determine our scope of review in cases in which the district court addresses the special circumstances exception to the EAJA. In explaining the special circumstances exception to the EAJA, the House Report stated:

[T]he government should not be held liable where special circumstances would make an award unjust. This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions of the law that often underlie vigorous enforcement efforts. *It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.*

H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 11, *reprinted in* 1980 U.S.Code Cong. & Ad News 4953, 4984, 4990 (emphasis added); *see, e.g., Brinker v. Guiffrida,* 798 F.2d 661, 667–68 (3d Cir.1986). The EAJA thus "explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees." *Oguachuba v. Immigration and Naturalization Service,* 706 F.2d 93, 98 (2d Cir.1983). Where the district court determines that the special circumstances of the case ren-

der an award unjust, therefore, its decision is most appropriately reviewed under the abuse of discretion standard.[3]

█ The conclusion that our review is limited to whether the district court abused its discretion does not mean that the district court has unbridled discretion to deny awards under the EAJA. *See United States v. Criden,* 648 F.2d 814, 817–19 (3d Cir.1981) (discussing the meaning of the "abuse of discretion" scope of review.). The court must consider the equities of the circumstances in light of Congress's decision to enact the EAJA in order to "ensure that [persons] will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 99–120(I), 99th Cong., 1st Sess. 11, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 132–33. That few courts apparently have relied upon this exception to EAJA awards in denying fee applications is evidence that the circumstances of a case will infrequently justify a denial of an award.

█ The question before this court is whether the district court abused its discretion in finding that there were special circumstances in this case that make an award of fees unjust. The district court based its conclusion on the finding that Taylor, after "availing himself of the privileges and benefits of naval protection and hospitality up until the time it became evident that he was destined for a Spanish jail," fled the country to avoid serving his sentence. Taylor challenges this finding on two grounds.

First, Taylor argues that the issue is not Taylor's conduct in 1980, but whether the Navy was justified in detaining him in 1982. We do not believe, however, that Congress intended the courts to take such a narrow approach to the special circumstances exception. As the Second Circuit has stated, "[i]n viewing applications for [EAJA] awards in the context of general equitable principles, we are not required to limit our scrutiny to a single action or claim on which the applicant succeeded but must view the application in light of all the circumstances." *Oguachuba, supra,* 706 F.2d at 99. We therefore conclude that the district court was correct in taking into account Taylor's conduct in 1980.

Second, Taylor claims that the government has not borne its burden of proof in showing that the facts of this case justified a finding of special circumstances. Under the Agreement in Implementation of the Treaty of Friendship and Cooperation between the United States and Spain, the Navy may request custody of a servicemember facing Spanish charges pending the disposition of those charges. Taylor argues that because there is no evidence that the Navy supplied a written request for custody as required by the Treaty, the district court erred in concluding that the Navy had extended any benefit to Taylor.[4]

Whether the Navy properly invoked the Treaty, however, is not the issue in this case. Rather, our concern is whether under the facts of this case the "equitable considerations dictate an award should not be made."

The parties involved appear to have acted in accordance with the standard practice when a servicemember faces charges from a Spanish tribunal. First, in April 1978 the Navy requested that the Spanish authorities waive their jurisdiction over Taylor. They refused to do so. Although the Spanish court indicted Taylor in August 1978 and convicted him in July 1979, he remained free and continued to work for the Navy in Spain until he fled the country. Second, the Spanish authorities requested in writing that the Navy deliver Taylor for service of the sentence, and thus, they apparently believed the Navy had taken custody of him.

It is undisputed that Taylor continued to serve in the Navy and that he was told on

---

3. We express no opinion as to the proper standard of review in cases in which the district court relies upon the "novelty of the government's argument" special circumstances exception.

4. We note that in our opinion on the merits, this court assumed that the Navy had invoked the custody provisions of the Treaty. Given our disposition of the case, however, we do not believe that it is necessary to resolve this factual dispute.

several occasions that he would be turned over to the Spanish authorities if he were discharged from the Navy. Moreover, Taylor fled Spain within twenty four hours of being told by naval authorities that he would have to serve his Spanish sentence. Taylor's conduct therefore enabled him to avoid serving his validly-imposed criminal sentence in the Spanish prisons. Under these circumstances, we conclude that the Navy met its burden of demonstrating that there were special circumstances that made an award of fees unjust. The district court, therefore, did not abuse its discretion in denying Taylor's EAJA application.

### III.

Accordingly, the order of the district court will be affirmed.

---

BECKER, Circuit Judge, concurring.

I concur in the majority's opinion but write separately to emphasize the narrowness of the principle that I understand informs the holding on the merits in section II.B of the opinion. I do this by identifying those principles that, in my view, do not animate our decision.

First, we are not denying attorneys' fees merely because we believe that Taylor is a "bad guy." The government is frequently sued by such people, and we are not holding that the special circumstances exception authorizes denial of counsel fees under the EAJA any time a "bad guy" litigant has defeated the government in a lawsuit. Second, we are not denying attorney's fees because of the government's good faith. Good faith or laudatory motives are not a defense to an EAJA claim.[1]

What does motivate our decision to deny fees is that Taylor purposefully undertook *affirmative activity* that took advantage of the very government misconduct he later challenged in court. The court has already concluded that the government was

wrong to have involuntarily extended Taylor's enlistment, *see Taylor v. United States*, 711 F.2d 1199 (3d Cir.1983). However, once the government acted this way, Taylor purposefully used his enlisted status to avoid being turned over by the Navy to Spanish authorities for pretrial detention in Spanish jails. Taylor was thus able to flee the jurisdiction when it was certain that he was to serve a sentence in a Spanish prison. He now seeks attorneys' fees for challenging government conduct that he affirmatively utilized for his own significant advantage.

I therefore agree that the district court did not abuse its limited discretion in finding that the special circumstances present in this case make an award of fees unjust. I join in the majority's opinion on the understanding that it rests on the very narrow grounds I have described, grounds that "infrequently justify a denial of an award." Maj.Op., at 253. An exception any broader might swallow the rule.

---

**1.** To the extent that such a determination is appropriate, it is subsumed fully within the substantial justification prong of the EAJA fee award inquiries. As courts have generally held in the context of 42 U.S.C. § 1988 litigation, the government's good faith alone is no defense to an award of attorneys' fees. *See, e.g., Hutto v. Finney,* 437 U.S. 678, 693, 98 S.Ct. 2565, 2574, 57

L.Ed.2d 522 (1978). *See also, Rutherford v. Pitchess,* 713 F.2d 1416 (9th Cir.1983); *Grendel's Den v. Larkin,* 749 F.2d 945, 959 n. 11 (1st Cir.1984); *Espino v. Besteiro,* 708 F.2d 1002, 1005 (5th Cir.1983); *Holley v. Lavin,* 605 F.2d 638, 646 (2d Cir.1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980).