The CARTHAGE BANK, Appellee,

v.

Charles Kimble KIRKLAND, Appellant.

Civ. A. No. J90–0074 (B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 4, 1990.

James Smith, Jr., Carthage, Miss., for appellee.

James C. Martin, Jackson, Miss., for appellant.

Robert Murphree, Jackson, Miss., Trustee.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on appeal from a final judgment of the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division. This Court has jurisdiction over the appeal under 28 U.S.C. § 158(a).

### I. Facts and Procedural History

From May 3, 1985, through February 6, 1987, Appellee, Bank of Carthage ("Bank"), entered into 32 loan transactions with Appellant, Dr. Charles Kimble Kirkland. On July 7, 1987, Kirkland filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Bank filed a Complaint for Objection to Discharge or, in the alternative, Objection to Dischargeability of Debts owed to the Bank by Kirkland. Kirkland filed a Motion for Summary Judgment in response to the Bank's Complaint. However, Kirkland's Motion for Summary Judgment was subsequently denied by the Bankruptcy Court.

Trial on the merits was had before the Bankruptcy Court on February 9 and 10, 1989. At the conclusion of the case, the court held that the Bank had failed to make a prima facie case as to two of the four elements required under 11 U.S.C. § 523(a)(2)(B) to establish the nondischargeability of debts. Accordingly, Kirkland's Motion for a Directed Verdict was granted.

Kirkland thereafter filed a Motion for Attorney's Fees pursuant to 11 U.S.C.

§ 523(d). That Motion was denied. In its Opinion, the Bankruptcy Court stated that it was denying Kirkland's Motion on the basis that the position of the Bank was "substantially justified" under section 523(d), thus precluding an award of attorney's fees to Kirkland.

Kirkland subsequently appealed the denial of attorney's fees to this Court. By Memorandum Opinion and Order of this Court entered May 18, 1990, the ruling of the Bankruptcy Court was reversed and remanded. Specifically, this Court found that the position of the Bank was not substantially justified within the meaning of section 523(d) and that Kirkland was entitled to an award of attorney's fees and costs unless "special circumstances" existed that would make such an award unjust. The matter was therefore remanded to the Bankruptcy Court for supplementary findings of fact and conclusions of law on the issue of whether "special circumstances" exist which would make the award of attorney's fees to Kirkland unjust. On July 6, 1990, the Bankruptcy Court issued Supplementary Findings of Fact and Conclusions of Law. The Bankruptcy Court concluded that special circumstances did exist so that an award of attorney's fees to Kirkland would be unjust within the meaning of section 523(d).

## II. Award of Attorney's Fees Pursuant to 11 U.S.C. § 523(d)

■ In reviewing the decision of the Bankruptcy Court, this Court must accept its findings of fact, including credibility determinations, unless clearly erroneous. *In re Hammons*, 614 F.2d 399, 402–03 (5th Cir.1980). However, this Court must independently determine the correctness of the conclusions of law of the lower court. *Hammons*, 614 F.2d at 403.

11 U.S.C. § 523(d) provides:

If a creditor requests a determination of dischargeability of a consumer debt under section (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not

substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Therefore, by its express terms, section 523(d) mandates an award of attorney's fees to a prevailing debtor unless the court determines the facts of the case to fall within the exceptions to that provision.

■ As this Court noted in its original opinion issued on May 18, 1990, the standard for an award of attorney's fees under section 523(d) incorporates the standard established by the Equal Access to Justice Act ("EAJA") for the award of attorney's fees under that act. *Carthage Bank v. Kirkland*, No. J90–0074(B), slip op. at 5 (S.D.Miss. May 18, 1990) (citing *In re Burns*, 894 F.2d 361, 362 n. 2 (10th Cir. 1990)). The Court notes, as did the Bankruptcy Court in its Supplementary Findings of Fact and Conclusions of Law, that constructions of the "special circumstances" exception to the EAJA are instructive of the standard to be applied to the facts of this case. Particularly persuasive is the language of the House Report accompanying the EAJA:

Furthermore, the Government should not be held liable where special circumstances would make an award unjust. This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4990.

■ Accordingly, courts construing the "special circumstances" exception of the EAJA have consistently recognized that equitable principles are to be guiding considerations whenever the court determines whether special circumstances exist so as to deny an otherwise mandatory award of attorney's fees and costs. As the court in *Oquachuba v. I.N.S.*, 706 F.2d 93, 98–99

(2nd Cir.1989) noted, "The EAJA thus explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees." *See also Abela v. Gustafson,* 888 F.2d 1258, 1266 (9th Cir. 1989); *Louisiana ex rel. Guste v. Lee,* 853 F.2d 1219, 1224 (5th Cir.1988). This Court notes, however, that equitable principles applied in the context of section 523(d) motions must be applied in light of the purposes for which that section was enacted. Because the goal of section 523(d) is "to discourage creditors from initiating proceedings to obtain a false financial statement exception to discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees," S.Rep. N. 989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866, this Court concludes that the application of equitable principles in section 523(d) cases must be tempered by that section's stated goal of deterring creditors from filing for unwarranted exceptions to discharge.

■ In its supplementary findings, the Bankruptcy Court noted that this case does not involve novel interpretations of the law by the Bank which would qualify as "special circumstances" under section 523(d). *Supplementary Findings of Fact and Conclusions of Law Pursuant to District Court Order of May 18, 1990 ("Supplementary Findings")* at 5. Therefore the Bankruptcy Court concluded that the proper method for determining whether "special circumstances" exist was to apply equitable considerations to all of the circumstances presented by this case. *Id.* This Court does not find that the Bankruptcy Court exceeded the proper scope of inquiry under section 523(d). As the court in *Oquachuba* stated:

> In viewing applications for such awards in the context of general equitable principles, we are not required to limit our scrutiny to a single action or claim on which the applicant succeeded but must view the application in light of all the circumstances.

*Oquachuba,* 706 F.2d at 98–99.

The question now before this Court is whether the Bankruptcy Court was correct in its conclusion that special circumstances exist that merit a denial of attorney's fees to Kirkland. In the supplementary findings issued by the Bankruptcy Court, the denial of attorney's fees was predicated upon several bases: (1) certain conduct of Kirkland that was analogous to the "affirmative activity" cited in the case of *Taylor v. U.S.,* 815 F.2d 249 (3rd Cir.1987) as a justification for the denial of an award; (2) the Bank had been motivated by altruistic motives in making the loans to Kirkland; (3) Kirkland had the financial ability to make payments toward the debt owed to the Bank; and (4) Kirkland displayed a generally furtive and hostile attitude toward the Bank during the Bankruptcy proceedings.

### (1) *The "affirmative activity" test*

In its supplementary findings, the Bankruptcy Court determined that certain circumstances present in this case justified a denial of attorney's fees in Kirkland's favor. Specifically, the court noted that the Bank had been unduly restricted in its examination of the debtor at the first meeting of creditors, thus requiring the Bank to seek a vigorously contested deposition of the debtor. When the deposition of Kirkland was finally taken, the Bankruptcy Court noted that Kirkland's responses to questioning were vague and evasive. Finally, the Bankruptcy Court noted that at trial, the Bank was able to offer proof that Kirkland's financial statements contained materially false information as prohibited under section 523(a).

The Bankruptcy Courts' discussion of these circumstances as justification for the denial of an award of attorney's fees was prefaced by analysis of *Taylor v. U.S., supra.* In *Taylor,* a serviceman whose enlistment in the United States Navy had been involuntarily extended filed suit challenging the extension of his service duties. *Taylor,* 815 F.2d at 251. Though the serviceman was successful in proving the underlying merits of his case, he was denied an award of attorney's fees under the EAJA because he had taken advantage of his enlisted status during the time period

of the involuntary extension to avoid being turned over to Spanish authorities for crimes he had committed. *Id.* In a concurrence to the majority opinion denying an award of attorney's fees under the EAJA, the nature of the serviceman's conduct was cited as a determinative factor in the denial of a fee award.

> What does motivate our decision to deny fees is that Taylor purposefully undertook *affirmative activity* that took advantage of the very government misconduct he later challenged in court. The court has already concluded that the government was wrong to have involuntarily extended Taylor's enlistment. However, once the government acted this way, Taylor purposefully used his enlisted status to avoid being turned over by the Navy to Spanish authorities.... He now seeks attorney's fees for challenging government conduct that he affirmatively utilized for his own significant advantage.

*Id.* at 254 (citation omitted).

No cases have been found which apply the "affirmative activity" test of *Taylor* to motions for attorney's fees under section 523(d). Without determining whether it was in fact proper to apply *Taylor* to a section 523(d) matter, this Court concludes that the Bankruptcy Court was clearly erroneous in its finding that Kirkland's conduct was comparable to the type of "affirmative activity" cited in the *Taylor* case as a justification for denial of a fee award. None of the circumstances of this case cited as analogous to those presented in *Taylor* are ones that can be characterized as affirmative activity by Kirkland that took advantage of the Bank's position for Kirkland's own personal gain. The conduct cited by the Bankruptcy Court was either responsive to the filing of the complaint by the Bank or to other circumstances over which Kirkland had no control.

■ This Court does not find that the abbreviated first meeting of creditors was attributable to any affirmative act undertaken by Kirkland. In this district, large numbers of first meetings of creditors are scheduled at one time. Most are routine. All are abbreviated because of the court schedule. Matters of court policy and procedure that are clearly beyond the control of any party before the court, including Kirkland, cannot be classified as conduct by which one party has affirmatively attempted to take advantage of another party.

■ The Court also finds that Kirkland's resistance to the taking of his deposition cannot be characterized as affirmative conduct within the meaning of *Taylor*. Kirkland's resistance to the deposition was responsive to the actions of the Bank and largely consisted of an objection to the Bank's motion to take the deposition. Bankruptcy Rule 2004 expressly provides that depositions are to be had only upon motion and for good cause shown. Any resistance that may have been made to the taking of the deposition was within Kirkland's rights as allowed by the Bankruptcy Rules. Therefore, the Court concludes that Kirkland's conduct in this regard cannot be characterized as affirmative activity for purposes of denying an award of attorney's fees.

■ The third "affirmative activity" noted by the Bankruptcy Court is that Kirkland was vague and evasive in his answers at the deposition. Upon review of the record as a whole, however, this Court concludes that this basis is not sufficient to deny an award of attorney's fees. Because this Court has determined that some of the activity cited by the Bankruptcy Court does not constitute affirmative conduct on the part of Kirkland, the Court concludes that a showing of more serious misconduct at Kirkland's deposition would be necessary at this point to support a denial of attorney's fees than the Bankruptcy Court may have considered sufficient to support a denial of fees in its initial determination, since at that time there existed several bases which the Bankruptcy Court could have considered *in toto* to merit the denial of attorney's fees. However, when viewed as this Court must now view the evidence, that is when viewed as an independent and completely self-sufficient ground for deny-

ing the award of attorney's fees rather than as one of several factors that in combination support the denial of a fee award, the Court concludes that Kirkland's conduct does not rise to the level of misconduct that would be necessary to sustain a denial of attorney's fees on this basis alone.

■ Finally, the Bankruptcy Court noted that the Bank had proved at the trial on the merits that Kirkland's financial statements contained materially false information. This Court notes, however, that the relevant inquiry under the *Taylor* standard is whether Kirkland affirmatively acted in a manner that was disadvantageous to the Bank. In its original findings, the Bankruptcy Court found that, while the financial statements did contain materially false information, there was no finding of intent to deceive the Bank on the part of Kirkland. Since there was no intent on Kirkland's behalf to deceive the Bank, any deceptive information that was given to the Bank could not have been the result of conduct by Kirkland that was purposefully designed to take advantage of the Bank. On this basis, the Court concludes that any false information that may have been present in this case cannot be regarded as the product of "affirmative activity" on Kirkland's part sufficient to rise to the level required under the *Taylor* standard.

The Court therefore concludes that, assuming that the "affirmative activity" test of *Taylor* is applicable to bankruptcy proceedings, the facts of this case do not support the conclusion that Kirkland's acts rise to the level of affirmative misconduct sufficient to deny an award of attorney's fees under the "special circumstances" exception to section 523(d).

### (2) *"Good faith" of the creditor*

■ The Bankruptcy Court also asserted that its finding of special circumstances was supported by the fact that the Bank had offered the loans at issue in this proceeding to Kirkland "for the sake of its small and medically needy community." *Supplementary Findings* at 6.

This Court is well aware of the benefits to be derived from the location of a doctor in a small community and the extent to which financial aid from a cooperative bank may be critical in that process. However, the majority of courts that have considered the issue have concluded that there is no exception to an award of attorney's fees under section 523(d) based on the good faith conduct of the creditor. *See In re Carmen,* 723 F.2d 16, 18 (3rd. Cir.1983); *Manufacturers Hanover Co. v. Hudgins,* 72 B.R. 214, 220–21 (N.D.Ill.1987); *In re Sidore,* 41 B.R. 206, 209 (Bankr.W.D.N.Y. 1984); *In re Furimsky,* 41 B.R. 724, 727–28 (Bankr.Ariz.1984). Accordingly, the Court finds that the motives of the Bank in making the original loans cannot serve as a "special circumstance" to substantiate the denial of an award under section 523(d).

### (3) *Financial ability of the debtor*

■ The Bankruptcy Court considered Kirkland's financial ability to pay the debt owed to the Bank an additional factor that favored the denial of attorney's fees on his behalf. *Supplementary Findings* at 6–8. The court noted that Kirkland estimated his yearly income to be over one hundred thousand dollars ($100,000.00) and that the level of business overhead was zero. On this basis, the Bankruptcy Court applied a section 707 analysis to Kirkland's financial situation. Section 707(b) of the Bankruptcy Code provides:

> After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or the suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.

Noting that, under section 707(b), the ability of the debtor to repay his debts is a key consideration in determining if the debtor has substantially abused the provisions of Chapter 7, the Bankruptcy Court stated that, while it was not deciding the issue of whether Kirkland had substantially abused the provisions of Chapter 7, it did recognize that certain elements of such abuse appeared to be present in this case. Thus,

the court concluded that factors relevant to a consideration of abuse of the provisions of Chapter 7, such as the ability of the debtor to pay the underlying debt, could fall within the category of "special circumstances" that prevent an award of attorney's fees under section 523(d).

This Court finds that it was error to apply any analysis related to section 707(b) to this case in its present posture.[1] Section 707(b) allows the court to dismiss an entire bankruptcy proceeding if it is determined that the debtor has substantially abused the bankruptcy system. Consequently, section 707(b) issues center on the conduct of the debtor exclusively. Conversely, an award of attorney's fees pursuant to section 523(d) is made to deter creditors from unjustifiably pursuing exceptions to discharges. Since section 523(d) is aimed at creditor conduct, the Court concludes that the debtor-oriented analysis conducted pursuant to a section 707(b) inquiry is not pertinent to the issues presented by this case.

The Court's conclusion in this regard is supported by the reasoning of the court in *In re Edwards*, 50 B.R. 933 (S.D.N.Y.1985). In *Edwards*, the court held that section 707(b) could not be used in the alternative to dismiss a bankruptcy petition where the creditor had failed in his initial attempt to meet the requirements for an exception from discharge under section 523. *Edwards*, 50 B.R. at 937 n. 3. Accordingly, this Court is persuaded that just as section 707(b) cannot be used as a substitute for section 523 when an exception to discharge under the latter provision has not been obtained, section 707(b) analysis should not be used to determine the allowance of attorney's fees under section 523(d).

Accordingly, this Court concludes that it was error to apply a section 707(b) analysis to the motion for attorney's fees under section 523(d).

### (4) *The debtor's attitude toward the creditor*

■■■■ Finally, the Bankruptcy Court noted that its denial of attorney's fees to Kirkland was based upon what it perceived as Kirkland's "hostile and furtive" attitude toward the Bank. This Court believes it to be improper to give any consideration of the debtor's attitude toward the creditor as a factor in determining whether to award attorney's fees under section 523(d). The purpose of section 523(d) is to discourage creditors from maintaining unwarranted challenges to the discharge of debts. Consideration of the debtor's frame of mind does not serve that purpose. Therefore, the Court concludes that this basis for denying attorney's fees under section 523(d) is likewise insufficient.

■■■ Based upon the foregoing analysis of the Bankruptcy Court's Supplementary Findings, this Court concludes that there are not sufficient special circumstances presented by this case to warrant a denial of attorney's fees and costs to Kirkland pursuant to section 523(d). It is apparent from the two rulings issued by the Bankruptcy Court in connection with Kirkland's motion for attorney's fees that there is a feeling that the debtor has in some way

---

1. Rule 1017(e) of the Bankruptcy Court Rules provides that a debtor's Chapter 7 case may be dismissed for substantial abuse "only after a hearing on notice to the debtor and the trustee and such other parties in interest as the court directs. The notice shall advise the debtor of all matters which the court will consider at the hearing." While the Bankruptcy Court noted in its Supplementary Findings that it was not deciding the issue of whether Kirkland had substantially abused provisions of the bankruptcy code, the court did note that certain elements of such abuse appeared to be present in this case. This Court notes that the distinction between a finding of elements of substantial abuse and reaching the ultimate conclusion that there has been substantial abuse is a very fine one indeed.

Under such circumstances and in light of the importance that the Bankruptcy Court placed upon these findings in its decision to deny Kirkland an award of attorney's fees, this Court is of the opinion that the Bankruptcy Court should have allowed Kirkland some notice of its intention to reach section 707 determinations in its ruling on the motion for attorney's fees, thus giving Kirkland the opportunity to respond to the matters that the court would consider. The Court feels this would have been particularly appropriate under the facts of this case, since the trial on the merits ended at the close of the Bank's evidence with a directed verdict for the debtor, and Kirkland has never had an opportunity to place any evidence in support of his position before the court.

taken advantage of the Bank and abused the provisions of the bankruptcy code. However, this is not the issue before the Court on a section 523(d) motion for attorney's fees. This Court recognizes that the Bankruptcy Court had the opportunity to observe the debtor first hand in the proceedings below and that the findings of the court were tempered by those observations. However, this Court concludes that the focus of any analysis undertaken pursuant to section 523(d) should be on the creditor, since the primary purpose of that provision is to act as a deterrent to unjustifiable creditor conduct. This Court is also persuaded that the application of equitable principles in a section 523(d) matter must be made with this purpose in mind. Accordingly, the record in this case fails to present the conditions under which this Court feels a denial of attorney's fees and costs would be appropriate under the special circumstances exception to section 523(d).

### III. Reasonableness of Fees and Costs Awarded Pursuant to 11 U.S.C. § 523(d)

Once it has been determined that an award of costs and attorney's fees is mandated under section 523(d), the Court must consider the reasonableness of the requested costs and fees. The United States Court of Appeals for the Fifth Circuit has adopted a modified "lodestar" approach to the determination of attorney's fees awards. The lodestar is calculated by multiplying the number of compensable hours by the value of the services. The value of the legal services is determined by reference to the quality of the work and the customary fee for that type of work when performed by an attorney at the experience level of the subject attorney at the time that the services in question were rendered. This figure is then adjusted on the

basis of any factors enunciated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974) that may be significant to the facts of the particular case.[2]

In the instant case, Kirkland has documented a total of $20,181.16 in legal costs and attorney's fees which he claims were incurred as a result of the Banks' pursuit of an exception to discharge for the debts in question. In addition, Kirkland claims out-of-pocket costs in the amount of $1,187.49 for personal expenses such as travel, long distance telephone calls, and other such items related to the discharge proceedings. Altogether, Kirkland claims costs, attorney's fees, and personal expenses totalling $21,368.65 in defending against the Bank's claim.

In its Supplementary Findings, the Bankruptcy Court suggested that, if this Court were to determine that costs and attorney's fees should be awarded to Kirkland, a reduction in the amount awarded should be taken for those activities related to the unsuccessful summary judgment motion filed by Kirkland in this matter and for amounts related to the taking of Kirkland's deposition. This Court does not find, however, that such reductions are necessary to keep the award of costs and attorney's fees to Kirkland in line with the directive of section 523(d) that any such award to a prevailing debtor should be "reasonable." Both the summary judgment motion and the taking of Kirkland's deposition were well within the defined limits of the proceedings for which compensation under section 523(d) is allowed. Furthermore, this Court does not conclude that the filing of the summary judgment motion was so frivolous or unreasonable so as to except it from that part of the proceeding that should be compensated. This Court also finds that the duty imposed upon a debtor by Bankruptcy Rule 2004 to attend

---

**2.** The *Johnson* factors included: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

and submit to a deposition does not require that compensation for such expenses be automatically excepted from an award under section 523(d). Again, the Court considers the relevant inquiry to be the reasonableness of the activity involved. On that basis, the Court finds that the expenses submitted by Kirkland in connection with the taking of his deposition to be reasonable and therefore compensable.

■ Accordingly, the Court concludes that Kirkland is entitled to compensation under section 523(d) for attorney's fees and costs of $21,368.65. The Court has also concluded after reviewing the *Johnson* factors that the amount requested need not be adjusted any further due to the factors cited in that case.

IT IS THEREFORE ORDERED that the order of the Bankruptcy Court denying Kirkland's Motion for Attorney Fees be reversed.

IT IS FURTHER ORDERED that Kirkland's Motion for Attorney's Fees be granted.

SO ORDERED.