In re Luevon **GOSS**, Debtor.

**FIRSTBANKS**, Plaintiff,

v.

**Luevon GOSS**, Defendant.

**Bankruptcy No. 92–30059.**
**Adv. No. 92–3018.**

United States Bankruptcy Court,
E.D. Michigan.

Dec. 23, 1992.

Karol A. Berndt, Birmingham, MI, for plaintiff.

Robert P. Denton, Saginaw, MI, for defendant.

## MEMORANDUM OPINION ON DEFENDANT'S REQUEST FOR ATTORNEY'S FEES PURSUANT TO § 523(d)

ARTHUR J. SPECTOR, Bankruptcy Judge.

The issue here is whether the Plaintiff has established "special circumstances" which would make the award of Defendant's attorney's fees, pursuant to 11 U.S.C. § 523(d), "unjust." I hold that it has not.

Citing both § 523(a)(2)(A) and (B), the Plaintiff filed suit against the Debtor on April 9, 1992, seeking a determination that her debt to the Plaintiff was excepted from discharge due to fraud. The allegation was that the Defendant obtained over $5,100 in cash advances on a credit line offered by the Plaintiff while the "Defendant did not have the ability to repay, or the reasonable intent to repay Plaintiff for those charges." Complaint to Determine Dischargeability of Debt, paragraph 6. The Defendant denied the allegation.

Trial was conducted on October 2, 1992. The Plaintiff did not appear. The Defendant was the only witness. After the proofs were heard, I stated my findings and conclusions and entered judgment for the Defendant. As the debt involved was a consumer debt, I also determined that the position of the Plaintiff was "not substantially justified," and so specifically stated in the judgment that the case was dismissed "with costs to be liquidated later." Subsequently, the Defendant submitted a bill of costs, requesting attorney's fees of $1,380. To that request, the Plaintiff objected.

As I previously found that the complaint was "not substantially justified," the Plaintiff's principal basis for objection is that it would be "unjust" in the "special circumstances" of this case for it to be ordered to pay the Defendant's attorney fee. The Plaintiff claimed that it did not receive a notice of the trial and so its evidence was never heard, and that it would have prevailed at trial if it had appeared.

While failure to receive notice of trial would certainly be cause for setting aside the judgment and ordering a new trial, inexplicably, the Plaintiff did not request this relief.[1] Therefore, the Plaintiff must accept the facts as found at the trial.

The Plaintiff argued that its failure to receive notice of trial is a special circumstance which would make the award of attorney's fees unjust. In response, the Defendant argued that the Plaintiff did not attend the meeting of creditors held pursuant to 11 U.S.C. § 341(a) and did not schedule her examination pursuant to F.R.Bankr.P. 2004. If it had, argued the

---

1. The clerk's certificate of service shows that the notice was mailed to counsel for both parties simultaneously at their correct addresses. Counsel for the Defendant got the notice. No explanation was offered as to why the Plaintiff would not have received the notice of trial. Nor was any evidence submitted which would cause me to find that, in fact, the Plaintiff failed to receive such notice.

Defendant, it would have learned the truth and would never have filed the complaint. The Defendant also reminded me of the evidence received at trial, which I accepted as true. Based on those facts, which were already found to render the Plaintiff's case "not substantially justified," it is highly unlikely that the Plaintiff would have prevailed at trial had it attended.[2]

At the hearing on the Defendant's request for attorney's fees, I asked the Plaintiff if it had any authority to support its contention that special circumstances existed here which would make an award of attorney's fees to the Defendant unjust. It did not. I therefore gave the parties time to submit briefs. The Plaintiff now states that "no case currently exists which has the exact 'special circumstances' as Plaintiff alleges exists herein." Plaintiff's Brief in Support of Objection to Request for Attorney's Fees, page 2. It nevertheless insists that it would be unjust to award the Defendant her attorney's fees.

## DEFENDANT'S ENTITLEMENT
## TO ATTORNEY'S FEES

 Once the debtor has proved that the creditor requested a determination of the dischargeability of a consumer debt and that the debt was discharged, the burden shifts to the creditor to establish cause for not awarding the debtor his or her attorney's fees. *FCC Nat'l Bank v. Dobbins (In re Dobbins)*, —— B.R. ——, 1992 WL 443762, 1992 U.S.Dist. LEXIS 7339 (W.D.Mo. Apr. 29, 1992); *Mid–America Credit Union v. Glazier (In re Glazier)*, 1991 WL 177698, 1991 U.S.Dist. LEXIS 12345 (D.Kan. Aug. 26, 1991); *Chevy Chase Fed. Sav. Bk. v. Weinand (In re Weinand)*, 1991 WL 799, 1991 Bankr. LEXIS 11 (Bankr.D.Minn. Jan. 7, 1991); *Commercial Credit Plan v. Carter (In re Carter)*, 101 B.R. 702, 705 (Bankr.E.D.Okla. 1989); *Chrysler First Fin. Svcs. Corp. v. Rhodes (In re Rhodes)*, 93 B.R. 622, 624 (Bankr.S.D.Ill.1988). The burden is therefore on the Plaintiff to convince me that the requisite special circumstances exist here. Because the Plaintiff has failed to show that special circumstances exist in this case which would make the award of Defendant's attorney's fees unjust, there is no legal reason why Defendant should be deprived of her statutory right to such fees under § 523(d).

Congress enacted § 523(d) in 1978 explicitly to discourage creditors from commencing exception to discharge actions in the hopes of obtaining a settlement from an honest consumer debtor anxious to save attorney's fees because such practices impair the debtor's fresh start. *See, e.g., Manufacturers Hanover Trust Co. v. Hudgins, (In re Hudgins)*, 72 B.R. 214, 219 (N.D.Ill.1987). Under the 1978 version of this section, an award of attorney's fees was mandatory to the prevailing consumer debtor absent a finding of clear inequity. *Thorp Credit, Inc. v. Carmen (In re Carmen)*, 723 F.2d 16 (6th Cir.1983). However, the Consumer Credit Amendments to the Bankruptcy Code, enacted in 1984 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, included a new formula. The old version of § 523(d) did not include the present terms "substantially justified" or "special circumstances."[3] "The change of lan-

---

2. Without discussion of "special circumstances," it was held that a creditor's failure to attend trial was not cause for withholding attorney's fees to a defendant who prevailed in § 523(a) litigation on a consumer debt. *Associates Prof. Exec. Svcs. v. Bernard (In re Bernard)*, 85 B.R. 864, 17 B.C.D. 776 (Bankr.D.Colo.1988). Moreover, it is well-settled that a creditor cannot escape § 523(d) liability by suddenly dropping the case. Section 523(d) would be a "poor remedy" if a creditor could escape by simply walking away. *ITT Financial Corp. v. Mull (In re Mull)*, 122 B.R. 763, 766, 21 B.C.D. 378 (Bankr. W.D.Okla.1991); *West Springfield M.E. Credit Union v. Finnie (In re Finnie)*, 21 B.R. 368, 6 C.B.C.2d 1036 (Bankr.D.Mass.1982).

3. The statute now reads:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

guage has increased the court's discretion to deny an award of attorney's fees, *Matter of Vanburen*, 66 B.R. 422, 424 (Bankr. S.D.Ohio 1986)." *Citizens Nat'l Bk. v. Burns (In re Burns)*, 77 B.R. 822 (D.Colo. 1987), *aff'd* 894 F.2d 361 (10th Cir.1990). Thus, consideration of the specific facts of the case is necessary to determine the existence or absence of special circumstances.

There is a line of authority that holds that when a dishonest debtor wins a § 523(a) case on a technicality, it would be inequitable to allow that debtor to recover his or her costs and attorney's fees. *See, e.g., In re Hingson*, 954 F.2d 428 (7th Cir. 1992) (*dictim* ); *Burns; First Bank v. Colvin (In re Colvin)*, 117 B.R. 484, 20 B.C.D. 1330 (Bankr.E.D.Mo.1990); *America First Credit Union v. Shaw (In re Shaw)*, 114 B.R. 291, 20 B.C.D. 745, 22 C.B.C.2d 1639 (Bankr.D.Utah 1990) (Plaintiff reasonably relied on debtor's sworn testimony at the meeting of creditors regarding "pivotal material fact"); *Beneficial New York v. Bossard (In re Bossard)*, 74 B.R. 730 (Bankr. N.D.N.Y.1987).

*Pisano v. Verdon (In re Verdon)*, 95 B.R. 877, 21 C.B.C.2d 79 (Bankr.N.D.N.Y. 1989), cited by the Plaintiff, fits within this category. In that case, the court held that "the questionable testimony of both the Debtor and her daughter and the special circumstances of this 'affair of a broken heart' would render such costs unjust and inequitable." 95 B.R. at 886.[4] In this case, of course, I have already held that the Defendant made no misrepresentations and did nothing dishonest. Accordingly, this line of authority is inapplicable.

Another set of cases analogizes the term "special circumstances" under § 523(d) to the same words which appear in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). *See, e.g., Hingson; Citizens Nat'l Bank v. Burns (In re Burns)*,

894 F.2d 361 (10th Cir.1990); *Glazier; Carthage Bank v. Kirkland*, 121 B.R. 496 (S.D.Miss.1990); *Shaw*, 114 B.R. at 294–95 n. 6; *ITT Financial Services v. Woods (In re Woods)*, 69 B.R. 999, 1001–1002 (Bankr. E.D.Pa.1987).

*Kirkland* thoroughly analyzed the standards for denying the successful litigant his or her attorney's fees under the Equal Access to Justice Act as applied to § 523(d). The bankruptcy court had held that the defendant's activity had met the "affirmative activity" test to establish special circumstances under the Equal Access to Justice Act, and by analogy, § 523(d). The district court disagreed. It held the following facts, either singly or in combination, do not constitute "affirmative activity" for purposes of finding special circumstances: (1) that the debtor's § 341(a) meeting of creditors was "abbreviated;" (2) that the debtor resisted a Rule 2004 examination; (3) that the debtor gave vague and evasive answers at the Rule 2004 examination; (4) that the defendant made a misrepresentation, although without the intent to deceive. The district court also held that there is "no exception to an award of attorney's fees under § 523(d) based on the good faith conduct of the creditor." 121 B.R. at 502. Finally, the court held that the defendant's ability to pay the debt and its bad attitude toward the plaintiff were not special circumstances.

In this case, of course, the Plaintiff did not attend the meeting of creditors, so it cannot be heard to complain, as did the bank in the *Kirkland* case, that it was cut off. Moreover, in *Kirkland*, the creditor sought and obtained a Rule 2004 examination at which the debtor gave "vague and evasive answers." Here, by contrast, the Plaintiff never even sought such an examination.[5] And finally, in *Kirkland*, the de-

---

**4.** *Hingson* stated that "family justice" was not a special circumstance. 954 F.2d at 429 (*dictum* ).

*Verdon* also noted that generally creditors have deep pockets and consumer debtors are penurious. Therefore, § 523(d) was enacted to "level the playing field." In that case, the court found that both parties, being individuals, were "evenly matched adversaries with similar limit-

ed resources." Therefore, an award of attorney's fees to the debtor would not further the purpose of the section. 95 B.R. at 886. Such is clearly not the case here, where the Plaintiff is a financial institution.

**5.** Several cases emphasize a creditor's failure to do pre-filing discovery, such as by questioning the debtor at the meeting of creditors or at a

fendant committed an innocent misrepresentation whereas here the Defendant made no misrepresentation at all. *Kirkland,* therefore, is strong support for the Defendant's position here.

Other tests used to deny fees to a successful litigant under the Equal Access to Justice Act, and by analogy, under § 523(d), are whether the unsuccessful party asserted a novel legal theory or the successful litigant had unclean hands. *See, e.g., Rhodes,* 93 B.R. at 625 (Bankr.S.D.Ill. 1988); *Woods,* 69 B.R. at 1004. Here there was nothing novel about the Plaintiff's theory, and the Defendant certainly did not come to court with unclean hands. Under these tests, therefore, special circumstances are not established.

## AMOUNT OF FEES

■ The Plaintiff also objected to the amount of attorney's fees requested by the Defendant. A cursory review of some of the reported cases shows that courts have allowed successful consumer debtors attorney's fees of $4,026.05 (*Bernard,* 85 B.R. at 868); $1,654.50 (*Mull,* 122 B.R. at 767); $1,440.75 (*Woods,* 69 B.R. at 1005). Few of the reported decisions involved as much as the $5,133.42 which was in dispute in this case.[6] The Defendant's request for $1,380 is well within the ballpark for defense of consumer dischargeability litigation.

The Plaintiff's principal argument about the amount of attorney's fees requested is that defense counsel failed to timely respond to Plaintiff's interrogatories. No proof of this contention was ever made and the defense disputed it. In light of the overall reasonableness of the fee request,

the court is not disposed to "dock" the Defendant for such unproven deficiencies.

On the other hand, although this Court routinely denies requests for fees for time spent in preparing ones own fee application, *see In re The Vogue,* 92 B.R. 717, 18 B.C.D. 678 (Bankr.E.D.Mich.1988), there is authority to support allowing fees for such time in the context of § 523(d). *See Woods,* 69 B.R. at 1005 (additional attorney's fees warranted "where the party seeking compensation is required to proceed at length to fend off opposition to his fee award."). In this case, however, the Defendant's responsive brief is so lacking that I cannot properly say that counsel proceeded "at length" to fend off opposition to his fee award. Accordingly, additional attorney's fees are not warranted in this case.

## CONCLUSION

Because the Plaintiff was unable to establish special circumstances which would make the award of attorney's fees to the Defendant unjust, the Defendant's request that the Court award her attorney's fees in the amount of $1,380 will be granted. An order amending the judgment to so state will enter.

Rule 2004 examination. *See, e.g., First Chicago FCC Nat. Bk. v. Willett (In re Willett),* 125 B.R. 607, 610, 21 B.C.D. 1053 (Bankr.S.D.Cal.1991); *Chevy Chase Fed. Sav. Bk. v. Weinand (In re Weinand),* 1991 WL 799, 1991 Bankr. LEXIS 11 (Bankr.D.Minn. Jan. 7, 1991); *ITT Financial Services v. Woods (In re Woods),* 69 B.R. 999, 1004 (Bankr.E.D.Pa.1987).

**6.** The amount in litigation in *Woods* was only about $2,301.08, *ITT Fin. Svcs. v. Woods (In re Woods),* 66 B.R. 984, 987, 15 C.B.C.2d 1109 (Bankr.E.D.Pa.1986).

In *Norwest Bank Des Moines v. Stewart (In re Stewart),* 91 B.R. 489 (Bankr.S.D.Iowa 1988), the court allowed successful defense counsel $770 for defending his client in the dischargeability litigation. The amount in dispute in that case, however, was only $962.33. Moreover, counsel was "docked" because of counsel's unexcused failure to cooperate in pre-trial proceedings. For that reason the $1,480 fee otherwise allowable was reduced to $770.