In re Sheila M. MACK, Debtor.

**FIRST DEPOSIT NATIONAL BANK, Plaintiff,**

v.

**Sheila M. MACK, Defendant.**

Bankruptcy No. 96–07651.
Adversary No. 97–90017.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

March 20, 1998.

Scott Spradley, Orlando, FL, for Plaintiff.

Thomas B. Woodward, Tallahassee, FL, for Defendant.

Mark Freund, Tallahassee, FL, Trustee.

## MEMORANDUM OPINION ON MOTION FOR ATTORNEY'S FEES

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on the Defendant's Motion for Attorney's Fees incurred while defending a complaint by the Plaintiff, First Deposit National Bank, to determine the dischargeability of a debt pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A). The Court determined the debt to be dischargeable and the Defendant, Mrs. Mack, requests payment of attorney's fees in accordance with 11 U.S.C. § 523(d). The facts giving rise to this decision can be found in *First Deposit National Bank v. Mack (In re Mack)*, 216 B.R. 981 (Bankr. N.D.Fla.1997).

The Plaintiff argues that it was substantially justified in challenging the discharge because of the presence of several objective factors,[1] including the dire financial condition of the Defendant when she used the card and her inability to repay based upon her lack of employment. The Plaintiff did not present any evidence at the hearing, other than its review of the Defendant's account activity, to show that it did any investigation prior to trial.

### Discussion

To deter frivolous objections to a discharge of consumer debts, § 523(d) of the Bankruptcy Code allows a debtor to recover attorney's fees if a creditor fails on its dischargeability claim. *Mercantile Bank v. Williamson (In re Williamson)*, 181 B.R. 403, 409 (Bankr.W.D.Mo.1995). If a creditor challenges a debtor's discharge and fails, the court shall award the debtor costs and attorney's fees if the court finds that the creditor was not substantially justified in filing the complaint, absent special circumstances that would make the award unjust. 11 U.S.C.

---

1. The court has adopted a non-exclusive list of twelve (12) objective factors which may be considered in determining a debtor's intent while incurring charges on a credit card. *See Citibank F.S.B. v. Cox (In re Cox)*, 150 B.R. 807, 811–812 (Bankr.N.D.Fla.1992).

**314**

§ 523(d) (1998). The burden is on the creditor to prove that there was substantial justification to challenge discharge of the debt, which requires proof that the complaint had a reasonable basis in fact and in law. *First Card v. Leonard (In re Leonard)*, 158 B.R. 839, 846 (Bankr.D.Colo.1993).

*Substantial Justification*

 Substantial justification requires that a plaintiff have a reasonable basis in both law and fact to request an exception from discharge. *Williamson*, 181 B.R. at 408. If a creditor pursues or continues to pursue a claim after it knows or should have known it could not prevail, there is no reasonable basis. *Id.* Thus, conducting a sufficient investigation prior to filing a complaint is the key in determining whether substantial justification exists with respect to awarding a debtor attorney's fees. *See AT & T Universal Card Services v. Chinchilla (In re Chinchilla)*, 202 B.R. 1010, 1017 (Bankr.S.D.Fla. 1996); *AT & T Universal Card Services v. Grayson*, 199 B.R. 397 (Bankr.W.D.Mo.1996) *AT & T Universal Card Services v. Mobley (In re Grayson)*, 199 B.R. 397, 398 (Bankr. W.D.Mo.1996). Although a comprehensive pre-filing investigation is not necessary, a creditor must do enough pre-filing investigation to ensure that the complaint is substantially justified. The Bankruptcy Code requires creditors to undergo some form of discovery, even if it is an informal conversation with the debtors or their counsel prior to filing a complaint. *See Williamson*, 181 B.R. at 408. It simply is not acceptable to follow what appears to be the norm in the credit card industry of only ensuring that a couple of the objective factors are present prior to filing. Although creditors constantly use this as their basis for substantial justification, such a mechanical application of the factors is inadequate. An analysis of the facts of the individual case along with the relevant factors is necessary. *Grayson*, 199 B.R. at 403.

The *Grayson* court held that in order to assess the appropriateness of the factors to a particular case, the creditor must examine the debtor in some manner before filing the complaint. *Id.; see also Leonard*, 158 B.R. at 846 (concluding that if the creditor had undertaken discovery prior to filing the complaint, the facts divulged at trial would have been developed before trial, thus alerting the creditor to the weakness of its case and likely foregoing a trial). Since the creditor in *Grayson* neither appeared at the § 341 meeting of creditors nor requested a Rule 2004 examination, either of which should have at least alerted the creditor that it did not have substantial justification, the court found the complaint to be unjustified. *Id.* at 403.

 In the present case, the Plaintiff mechanically applied the factors to the Defendant. It specifically focused on the Defendant's inability to repay and her dire financial situation at the time she made the charges. The Plaintiff did not attend the meeting of creditors, request a Rule 2004 examination, or contact the Defendant at any time about the bankruptcy petition. The Plaintiff should have been aware of facts indicating the Defendant did not have fraudulent intentions if it had conducted even an informal inquiry into the situation. For instance, the cash advances were made more than six months before the Defendant consulted a bankruptcy attorney and the last charge was made four months prior to the filing. Also, Mrs. Mack was not aware of the family's dire financial condition when she made the charges. At the very least, these facts would have made First Deposit seriously consider the situation before filing a complaint to except the debt from discharge.

 Substantial justification also requires having a reasonable basis in law and fact for believing that every element necessary for exception to discharge can be proven, including that the creditor justifiably relied on the debtors' alleged implied misrepresentation as to their intent to pay the charges incurred. *See Providian Bancorp v. Stockard (In re Stockard)*, 216 B.R. 237 (Bankr.M.D.Tenn.); *see also Manufacturer's Hanover Trust Co. v. Cordova (In re Cordova)*, 153 B.R. 352 (Bankr.M.D.Fla.) (holding that a creditor was not substantially justified in challenging the dischargeability of a debt where the creditor "freely assumed the risk to extend credit to the debtors.") All too often, the sole basis of a

creditor's claim is the debtor's financial condition when the charges were made. This emphasis on a debtor's financial condition for substantial justification in filing a complaint is not only legally insufficient, but also is a "disturbing display of institutional hypocrisy." *Chinchilla*, 202 B.R. at 1015. A creditor is not substantially justified in challenging the dischargeability of a debt where there is no evidence that the creditor inquired into the credit worthiness or financial condition and personal situation of the debtors, either before or after the credit was initially extended to them. *First Card v. Leonard (In re Leonard)*, 158 B.R. 839, 844 (Bankr.D.Colo.1993). The court in *Leonard* concluded that because the creditors did not take any steps to ensure its pre-approved extension of credit was done in a diligent, responsible manner the creditor's reliance, if any, was not sufficient to except the debt from discharge. *Id.* at 845.

The Defendant's finances were in poor condition at the time she was solicited for the pre-approved credit card and did not significantly change after that time. Inquiry prior to issuing the card would certainly have alerted the Plaintiff of her financial situation. The Plaintiff presented absolutely no evidence of any credit check prior to issuing the card to the Defendant. Thus, it cannot now claim that it justifiably relied on any representations she made because her financial situation was virtually the same when she incurred the charges as it was when the Plaintiff sought her out and issued the card to her. Additionally, the Plaintiff did not provide any witnesses or present any records other than the Defendant's account history that would show it was substantially justified in filing the complaint. The only basis for the complaint is the Defendant's account history and that, standing alone, is not enough to meet the necessary threshold under the facts of this case.

Based on the above analysis, I find that the Plaintiff was not substantially justified in filing the complaint.

*Special Circumstances*

 Little case law exists addressing the special circumstances exception. *AT & T Universal Card Services v. McIvor*, 1997 WL 749425 at *3 (E.D.Pa.1997). However, courts which have found special circumstances to exist have done so where the opposing party has either presented a novel legal theory, or shown that the debtor has unclean hands. *See id.; see also Carthage Bank v. Kirkland*, 121 B.R. 496 (Bankr.S.D.Miss.1990)(holding that neither the creditor's good faith in making a loan to the debtor, the debtor's attitude toward the creditor, nor the debtor's ability to pay constituted special circumstances that would warrant the denial of attorney's fees); *Firstbanks v. Goss (In re Goss)*, 149 B.R. 460 (Bankr.E.D.Mich.1992)(holding that special circumstances did not exist where the creditor failed to request relief from the dischargeability judgment because it did not receive notice of the trial).

*Novel Legal Theory*

Creditors cannot merely restate the grounds used for substantial justification when asserting that special circumstances exist that would make an award of attorney's fees unjust. *ITT Financial Services v. Woods (In re Woods)*, 69 B.R. 999, 1004 (Bankr.E.D.Pa.1987). The Plaintiff is claiming that special circumstances exist that should preclude an award of attorney's fees. However, its only support for this contention is that the Defendant's behavior "was at the very least strong evidence of knowing use of the credit card without ability to repay and is at worst, an indication of bad faith on the part of the Defendant." (Pl. Resp. and Mem. in Opp'n to Def's Mot. for Atty's Fees at 7.) However, the Plaintiff is not asserting any novel legal theory. It is merely restating the same circumstances argued in support of its claim of substantial justification.

*Unclean Hands*

 In determining whether special circumstances exist that would make an award of attorney's fees unjust courts have consistently recognized that the guiding considerations should be equitable principles balanced with the goal of deterring creditors from filing unwarranted exceptions to discharge. *Kirkland*, 121 B.R. at 499. This line of authority holds that it would be inequitable to allow dishonest debtors to recover

their costs and attorney's fees. *Goss*, 149 B.R. at 462.

I find that the evidence presented in this case is not sufficient to establish that the Defendant had unclean hands. There is no evidence of an intent to defraud or anything else that implies she was being dishonest when she incurred the charges. She did not solicit the card and the charges at issue were mostly for necessities. Also, the last cash advance occurred over six months before she filed for bankruptcy.

Thus, there are no special circumstances present that would make an award of costs and attorney's fees unjust.

### Conclusion

To successfully challenge a motion for attorney's fees, a creditor has the burden of either proving that it was substantially justified in challenging the discharge or that special circumstances exist that would make awarding attorney's fees unjust. Based on the evidence presented, the Plaintiff has not met its burden in this case. Thus, the Defendant's motion for attorney's fees will be granted. I find the requested amount of fees to be reasonable and award the Defendant $6,558.25 for payment of attorney's fees.